*C. E. Roop, solicitor,* contra.

---

### 5091. WIMBISH v. THE STATE.

HILL, C. J. 1. The trial judge admitted the following statement made by the decedent as being prima facie a dying declaration: "He seemed to be conscious. He said that he could not live, and, after he said that, he called Olis [the accused], and some one asked him what did he want, and he told Olis to act fair with him, that he had promised to kill him, and if he had knowed that he was going to kill him he would have begged him not to do it." *Held:* There was no error in permitting this statement to go to the jury, with the instruction that it might be considered by them for the purpose of determining whether it was a dying declaration, the jury being clearly instructed as to what constituted a dying declaration; especially as the accused admitted on the trial that he had killed the decedent.

2. The alleged newly discovered testimony was both negative and cumulative in character, its purpose being to show that the decedent did not make a dying declaration; and since the accused admitted on the trial that he shot the decedent and killed him, and set up self-defense, it is not probable that this evidence would produce a different result on a second trial.

3. The theory of voluntary manslaughter is supported by some of the evidence, and the verdict of that offense, approved by the trial judge, will not be disturbed. *Judgment affirmed.*

DECIDED OCTOBER 28, 1913.

Conviction of manslaughter; from Sumter superior court—Judge Littlejohn. June 26, 1913.

*L. J. Blalock,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.