35601. BAKER *et al.* v. SHOCKEY.

DECIDED MAY 16, 1955—REHEARING DENIED JUNE 28, 1955.

*Marshall, Greene & Neely, Barrett & Hayes,* for plaintiffs in error.

*John L. Westmoreland, John L. Westmoreland, Jr.,* contra.

FELTON, C. J. The evidence did not show any negligence on the part of Mrs. Baker.

1. The only evidence as to the speed of Mrs. Baker's automobile, other than that of Mrs. Baker and her son that she was traveling at about 25 miles per hour, was the testimony of the plaintiff that he first saw Mrs. Baker's automobile just as it crashed through the fence and started down the ravine and that, in his opinion from observing the speed of her automobile from that point to where it struck him some ten or fifteen feet away, she was traveling 50 miles per hour. Such observation was insufficient for the plaintiff to base his conclusion on and his testimony furnished no basis on which a jury could find the automobile's speed. *Allen* v. *Hatchett,* 91 *Ga. App.* 571 (86 S. E. 2d 662). There was no evidence authorizing the jury to find that Mrs. Baker was operating her automobile in excess of 25 miles per hour.

2. Mrs. Baker testified that she did not see any ice on the roadway that morning. The plaintiff testified to substantially the same fact. However, Mrs. Baker's son, who was riding with his mother at the time, testified that, as his mother's automobile approached the vicinity in which the skidding took place, his mother was driving at about 25 miles per hour; that he observed some ice in the roadway ahead at about a distance of some 30 or 40 feet and that his mother ran over this ice and the automobile went over the embankment. It is contended that such testimony authorized the jury to find that Mrs. Baker was negligent in not seeing the ice at approximately the same distance at which her son saw it and in not avoiding the ice and the resulting events. The evidence is undisputed that Mrs. Baker was driving at a speed of 25 miles per hour. At such speed she was traveling 35 feet per second. Even if Mrs. Baker had seen the ice on the roadway when she was 30 to 40 feet away from it, a jury could not say that she was negligent in continuing to drive across the ice rather than trying to swerve around it or to put on her brakes. Therefore, the failure to see the ice did not amount to negligence which alone would support a cause of action or which could render her responsible for the perilous situation.

3. The plaintiff testified that, after the incidents on Roswell Road and while he and Mrs. Baker were at the hospital, she told him that after her automobile began skidding she took her hands from the steering wheel and grabbed her two-year-old daughter, who was on the front seat, to protect her. It is contended that this constituted negligence on the part of Mrs. Baker. We do not agree. A person faced with an emergency or imminent peril is not held to the same degree of care to which he would be held if he were acting without the compulsion of the emergency (*Baggett* v. *Jackson*, 79 *Ga. App.* 460, 464 (2), 54 S. E. 2d 146, and citations), and "An emergency may arise so suddenly and unexpectedly that a prudent person would have no time to comprehend the situation and act according to the exigency, and under such circumstances negligence cannot be predicated on the conduct of the person placed in such a situation even though the emergency was one consisting of imminent peril to himself, for under such circumstances the act or omission of the endangered person is presumed to have been involuntary." 65 C. J. S. 412, § 17 d. See also

Cataoka *v.* May Department Stores Co., 28 Fed. Supp. 3 (5, 6, 7) ; 38 Am. Jur. 686, § 41.   There is nothing in the evidence to show that Mrs. Baker's position of peril, and that of her two-year-old daughter, was caused by her own negligence.   She testified that she did not see the plaintiff and the evidence does not dispute this, nor does it show any reason why Mrs. Baker should have seen him.   If Mrs. Baker did turn loose the steering wheel and grab her daughter, surely she acted instinctively in seeking to protect her daughter and she certainly had the right to choose, even if she had had time to make a deliberate choice, to protect her daughter from the dangers of the position of peril rather than someone whose own position of peril was unknown to her and whose position of peril she had no reason to suspect.

The evidence failed to show that Mrs. Baker, and consequently Mr. Baker, was guilty of any negligence which would support a cause of action.

It is not necessary to rule on the question whether, under the family-purpose doctrine, the husband, Mr. Baker, would be liable for his wife's negligent operation of an automobile purchased and owned by her and for which he furnished gas and oil.

The court erred in denying the defendants' motion for a judgment notwithstanding the verdict.

*Judgment reversed.   Quillian and Nichols, JJ., concur.*