36871.  JACOBS *v*. HARALSON FARM SUPPLY CO., INC.

*Earl Staples, R. J. Brown,* for plaintiff in error.
*Shirley C. Boykin,* contra.

CARLISLE, J. Haralson Farm Supply Company, Inc., sued Henry Jacobs in the Superior Court of Carroll County on a sworn statement of account for $2,487.90, plus interest. The defendant filed a plea and answer in which he denied being indebted to the defendant, and further alleged that he had entered into an oral contract with the plaintiff under which, in substance, the plaintiff was to furnish chickens, feed and medication and other incidental supplies and under which the defendant was to furnish all labor, housing, and equipment for raising the chickens and producing hatching eggs; and that the plaintiff, under the agreement, guaranteed that he (the defendant) would receive not less than 90 cents per dozen for the hatching eggs produced by him and that he would not be held accountable for any expenses during the period that the hens were in his possession, and that the plaintiff guaranteed him that he could not lose anything of value on the enterprise save his labor in looking after the chickens, in gathering eggs and in transporting them to the plaintiff's place of business.

The court overruled the general demurrers and sustained certain special demurrers to the answer; the defendant amended his plea and answer, and the court overruled the plaintiff's renewed demurrers thereto. The case went to trial and at the conclusion of the evidence the plaintiff made a motion for a directed verdict which was denied. The jury returned a verdict for the defendant, and thereafter the plaintiff made a motion for a judgment notwithstanding the verdict under the provisions of the Act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440-444; Code, Ann., § 110-113). The trial court granted that motion and entered judgment for the plaintiff in the amount sued for, and the exception here is to that judgment.

Two witnesses for the plaintiff testified as to the correctness of the account. The ledger sheets of the plaintiff's books of account showing the defendant's transactions with the plaintiff were introduced in evidence. The testimony of the defendant was substantially as follows: that he dealt with Mr. Kilgo, the plaintiff's agent; that Mr. Kilgo did not send the pullets to his place of business; that he received the merchandise and the chicken feed, shown on the itemized statement of account; the agents of the plaintiff came to his house on two different occasions trying to get him to pay the account; that he did not ask them for additional time and did not promise to pay it and that he told them he did not owe them anything; that he denied that he ever made the statement that if the plaintiff would give him a little more time he would pay the account; that he did not go into the office of the plaintiff and ask its bookkeeper how much he owed; that he entered into an agreement with the plaintiff's agent in regard to the eggs that he did not take to the plaintiff's place of business; that this agreement was to the effect that, if he could sell them in Atlanta for more than they would pay him in Tallapoosa, he could take the eggs to Atlanta and bring the money to the plaintiff; that he did that and that the credits shown on the account where it says "Cash" are credits to pay for the chickens and the feed; that he made those payments to the plaintiff's agent and that the plaintiff gave him credit for those payments and that he got credit from the plaintiff for all the eggs that he carried to the plaintiff and for all the cash money that he carried to the plaintiff. There was no other evidence introduced by the defendant.

The evidence on behalf of the defendant wholly and completely failed to sustain any element of his contentions as set forth in his plea and answer. Nowhere in his testimony did the defendant even make a general denial of his indebtedness to the plaintiff. Under these circumstances, it was not error for the trial court to grant the motion for a judgment notwithstanding the verdict. *Baker* v. *Shockey*, 92 *Ga. App.* 443 (88 S. E. 2d 741).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*