37311. GURLEY *el al.* v. HARDWICK.

DECIDED SEPTEMBER 24, 1958—
REHEARING DENIED OCTOBER 16, 1958.

*Troutman, Sams, Schroder & Lockerman, Harold C. McKenzie, Jr.,* for plaintiff in error.

*James L. Mayson,* contra.

QUILLIAN, Judge. 1. Special ground 1 excepts to the judge's ruling which allowed a witness over objection to testify concerning the speed of the truck owned by the Georgia Power Company and driven by Gurley. Under the holding in *Shockey* v. *Baker,* 212 *Ga.* 106 (90 S. E. 2d 654) this ground is without merit.

2. Special ground 2 assigns as error the trial judge's failure to grant a nonsuit at the conclusion of the plaintiff's evidence. The rule is well stated in *Savannah Asphalt Co.* v. *Blackburn,* 96 *Ga. App.* 113 (2) (99 S. E. 2d 511): "An assignment of error on the refusal of the court to award a nonsuit will not be considered, where thereafter the case proceeds to a verdict in favor of the plaintiff and the defendant's motion for a new trial, to the denial of which exception is taken, includes the ground that the verdict is contrary to the evidence and without evidence to support it. *Wakefield* v. *Lee,* 18 *Ga. App.* 648 (90 S. E. 224)."

3. Special ground 3 excepts to the following charge: "Gentlemen, I charge you that in the pleadings, as well as the evidence, there being an admission of the parties, that the plaintiff is entitled to recover some amount. You are not concerned, therefore, with the question of liability, insofar as the plaintiff's right to recover might be concerned. You are concerned, and this is the issue you must resolve by your verdict, you are concerned with the amount of recovery to which the plaintiff might be entitled, and you are concerned with whether or not these defendants are jointly liable, or whether they are severally liable. That is, whether or not Miller is liable along with his codefendants, Georgia Power Company and Gurley, by admission of counsel, Gurley being the servant of Georgia Power Company, and then and there in the discharge of his duties as such, any negligence on the part of Gurley would be imputed to the Georgia Power Company, and if you find that the negligence of Gurley was the proximate cause of the damage, then his principal, Georgia Power Company, would be liable

along with him. In other words, if Gurley is found to be liable on account of his negligence, then the Georgia Power Company would also be liable, since the negligence of Gurley is imputable by law to his principal. If you find that Miller was guilty of the acts of negligence charged, and further find that Miller's negligence concurrently with that of Gurley, produced the injury, then Miller would be liable. Otherwise, he would not, and your verdict would be against the Georgia Power Company and Gurley, and a finding in favor of Miller."

The above charge instructed the jury that the parties had made an admission that the plaintiff was entitled to a recovery in some amount. This charge was error because neither the pleadings nor the evidence show that the defendants had admitted liability. While it is true each driver stated the other was negligent, neither admitted he was the cause of the collision. An admission in the law of evidence is a statement by a party of the existence of a fact which is against his interest. 22 C. J. 296, § 323; 31 C. J. S. 1022, Evidence, § 270; *Brooks* v. *Sessoms*, 47 *Ga. App.* 554 (171 S. E. 222). This charge was harmful because it instructed the jury that all defendants had admitted liability when in fact none had done so.

While it is true the judge elsewhere charged the jury that it was permissible for them to find against only one of the defendants this did not cure the previous error, because the trial judge failed either to call the jury's attention to the error or instruct them that the incorrect instruction was withdrawn. *Georgia Power Co.* v. *Pharr*, 97 *Ga. App.* 223 (2) (102 S. E. 2d 658).

4. The defendant insists that it was not proved where the collision took place and therefore under Code § 94-1101 there had been no proof of venue. One of the defendants being a resident of Fulton County this contention is without merit. *Georgia Power Co.* v. *Blum*, 80 *Ga. App.* 618 (1) (57 S. E. 2d 18).

5. The evidence did not demand a verdict for the defendant and the general grounds of the motion for new trial are without merit.

*Judgment reversed. Felton, C. J., and Nichols J., concur.*