38841.   BURDETTE v. O'NEAL.

DECIDED MAY 18, 1961.

*Kennedy & Sognier, John G. Kennedy, Jr.,* for plaintiff in error.
*Lewis, Wylly & Javetz, Allyn M. Wallace, John C. Wylly,* contra.

NICHOLS, Judge.  1.  The defendant has conceded that his general demurrer and all but three of his special demurrers were properly sustained.  Therefore such demurrers, conceded to have been properly sustained, are treated as abandond.

2.  The defendant's seventh special demurrer attacks an allegation of the plaintiff's petition wherein she alleged that since

the collision, in which she received a fractured leg as well as other injuries, she has not been able to manipulate such leg in a normal manner and that the limitation of motion seems permanent, that she walks with a slight limp and the permanency of such injury is yet undetermined.

The complaint is that the allegation that the "limitation of motion seems permanent" is conjectural. When the allegation is considered together with the remainder of the paragraph, especially that part that alleges the permanency of the injury has not yet been determined, the demurrer was properly overruled.

3. Special demurrer number 9 contends that the length of time the plaintiff was on crutches should be alleged with more certainty than it is alleged in paragraph 13 of the petition. The petition alleged that due to her injuries she was unable to work as a clerk in a furniture store for twenty-one weeks and for a long time was on crutches. The allegations of the paragraph deal with the plaintiff's lost earnings, and while the length of time the plaintiff was on crutches was not alleged, such time element is not material to the allegations of such paragraph, or the petition as a whole, and it was not harmful to the defendant for the court not to require the plaintiff to meet such special demurrer.

4. The remaining special demurrer complains of the lack of allegations in paragraph 14 of the petition as to the manner and occasions when the plaintiff warned the defendant of his reckless manner of driving the automobile in which the plaintiff was a guest-passenger. When all the allegations of the petition are construed together the time and manner of the warnings given the defendant are alleged and such demurrer was properly overruled.

5. Special ground numbered 4 of the amended motion for new trial assigns error on the court's charge because: "The court erred in devoting fifty percent of its charge to reading the allegations of the plaintiff's petition."

No complaint is made in this ground of the motion for new trial that any of the charge given by the court with respect to the plaintiff's contentions was error or that the court did not correctly charge as to the defendant's contentions in respect to the plaintiff's allegations. Under the decision of the Supreme Court

in *Macon, Dublin &c. R. Co. v. Joyner,* 129 Ga. 683 (59 S. E. 902), the charge given was not error. The plaintiff's petition, as shown by the record, consisted of six and one-half pages while the defendant's answer was only one-half page long. No error is shown by this special ground of the amended motion for new trial.

6. Special ground 5 complains that the trial court erred in failing to charge the jury, in the language requested, as to gross negligence, and the duty of the defendant to the plaintiff. The request to charge, while correct, was no more adjusted to the pleadings and evidence than was the charge on this subject given by the court, and no harmful error is shown by this ground of the amended motion for new trial. See *Southern Ry. Co. v. Jones,* 98 Ga. App. 313 (106 S. E. 2d 298), and citations.

7. Special ground 6 complains that the trial court erred in failing to charge the jury to disregard any mention of insurance. The testimony dealing with insurance was not inadmissible and evidence of insurance was adduced by the defendant, and while the jury should not consider whether the defendant was or was not covered by insurance in reaching its verdict, a charge to the jury that it should disregard any mention of insurance would have been error since the jury must consider all the evidence legally before it. The evidence as to insurance was legally before the jury, and any instruction to disregard it would have been error. See *Petway v. McLeod,* 47 Ga. App. 647 (3) (171 S. E. 225), as to the admissibility of the evidence. The evidence as to insurance was adduced from the examination of witnesses for both parties by counsel for both parties and the answers with reference to insurance were responsive to the questions asked.

8. Special ground 7 complains that the trial court erred in failing to charge the defendant's request with respect to "emergency." The requested charge did not limit the application to an emergency not created by the defendant (see *Cone v. Davis,* 66 Ga. App. 229, 17 S. E. 2d 849), and since the request to charge must be correct in order for refusal to charge it to be harmful error (*Etheridge v. Hobbs,* 77 Ga. 531, 3 S. E. 251; *City of Summerville v. Sellers,* 94 Ga. App. 152, 158, 94 S. E. 2d 69), the trial court did not err in failing to give the requested instruction.

9. Special ground 8 complains that the trial court erred in failing to charge on the effect of impeaching witnesses even without a timely written request, and special ground 18 complains that the trial court erred in not charging on the rules of conduct to be applied to the plaintiff. Such grounds of the motion are too indefinite to raise any question for decision. *Sharpe v. Frost*, 94 Ga. App. 444, 448 (95 S. E. 2d 309); *Smith v. State*, 125 Ga. 300 (1) (54 S. E. 124).

10. Special grounds 9, 10 and 11 complain of the refusal of the trial court to charge certain requested instructions dealing with the plaintiff's duty as a guest-passenger, and as to risks voluntarily taken. These requests to charge were not applicable to the facts in the case, and it was not error to refuse to charge them.

11. Special ground 12 complains that the trial court erred in charging the jury that it should only concern itself with the question as to whether the defendant was guilty of gross negligence. Such charge, when considered with the remainder of the charge, was not error, for an examination of the whole charge shows that the court was instructing the jury that the plaintiff could not recover except for the gross negligence of the defendant and could not recover otherwise.

12. Special ground 13 assigns error on the failure of the trial court to grant a mistrial after the jury's verdict expressly found the defendant guilty of gross negligence, and special ground 16 assigns error on instructions given the jury with reference to the form of verdict (the jury was returned to the jury room to make a proper verdict). The original verdict, while containing surplusage, was definite, and no harmful error is shown by these grounds of the amended motion for new trial. The verdict could have been amended by the court. See *Code* § 110-106; *Fried v. Fried*, 208 Ga. 861 (3) (69 S. E. 2d 862).

13. Special ground 14 complains of a charge dealing with loss of capacity to labor which under the decision of this court in *Jones v. Hutchins*, 101 Ga. App. 141 (113 S. E. 2d 475), was not error.

14. Special ground 15 complains that the trial court refused

to strike all reference to "drinking" when no evidence of "drinking" was adduced. No error is shown by this special ground.

15. Special ground 17 complains that the trial court erred in refusing to strike certain testimony as to speed, and special ground 19 complains that the trial court erred in refusing to strike certain testimony dealing with marks on the dirt road described as "scratch-off marks" because the witness describing such marks testified that he could not say that they were made by the defendant's automobile.

Under the decisions of the Supreme Court in *Shockey v. Baker,* 212 Ga. 106 (90 S. E. 2d 654), and *Lovejoy v. Tidwell,* 212 Ga. 750 (95 S. E. 2d 784), and the cases there cited, these grounds of the amended motion for new trial do not show any error.

16. In support of his motion for judgment non obstante veredicto the defendant relates certain reasons why he contends the plaintiff failed to exercise ordinary care for her own safety, and contends that therefore the evidence demanded a verdict against her. While the plaintiff may have been guilty of certain improprieties and while she, and the other occupants of the vehicle, may have shown a gross lack of discretion in their activities on the date of the collision, this would not justify the defendant in failing to exercise even slight care for the plaintiff who was a guest-passenger in his vehicle. There was evidence that the defendant, after having previously driven in a safe and sane manner, started his vehicle from a stopped position on a dirt road and proceeded to "floor-board" the vehicle, over the plaintiff's objections, until he reached a curve in the road where he lost control of the vehicle due to the excessive speed and left the road, striking trees, fence posts, etc., and traveling over a hundred feet before the car finally came to a stop. The plaintiff's injuries and damages were proved and the trial court did not err in overruling either the defendant's motion for a judgment non obstante veredicto or his motion for a new trial on the usual general grounds.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*