## 41435. PRESLEY v. GRIFFITH.

JORDAN, Judge. This was a suit to recover damages allegedly sustained by the plaintiff when his automobile collided with that of the defendant at an intersection. The jury returned a verdict for the defendant and the plaintiff filed a motion for new trial which was amended by the addition of one special ground. This motion was denied and the plaintiff excepted. *Held:*

1. The trial court did not err in allowing the defendant to testify as to his estimate of the speed of the plaintiff's vehicle over the objection that the defendant's testimony disclosed that he had only gotten a "glimpse" of the vehicle and that such "glimpse" was an insufficient period of observation to allow him to give an estimate of speed.

The period of observation upon which the testimony of a witness as to speed is based is a factor for the jury to consider in weighing the testimony of the witness and does not affect its admissibility. *Shockey v. Baker,* 212 Ga. 106 (90 SE2d 654); *Gurley v. Hardwick,* 98 Ga. App. 334 (106 SE2d 53); *Burdette v. O'Neal,* 103 Ga. App. 734 (120 SE2d 334). In the *Gurley* case, supra, this court in following the decision of the Supreme Court in *Shockey v. Baker,* supra, held that the trial court did not err in allowing a witness to testify over objection as to the speed of the defendant's vehicle, the record in that case showing that this testimony was objected to on the ground that the witness had previously testified that he had observed the vehicle only for a split second.

The case of *Allen v. Hatchett*, 91 Ga. App. 571 (86 SE2d 662), which is strongly relied upon by the plaintiff in error as authority for his contention that the testimony of the defendant as to his estimate of the speed of the plaintiff's vehicle was inadmissible and of no probative value because of the party's insufficient period of observation of the vehicle, was followed by this court in *Baker v. Shockey*, 92 Ga. App. 443 (88 SE2d 741). This case was reversed by the Supreme Court in *Shockey v. Baker*, supra; and it is clear from this decision of the Supreme Court that testimony as to speed of the nature under review here is admissible in evidence and that its weight and consideration are for the jury. The case of *Pritchett v. Higgins*, 111 Ga. App. 718 (143 SE2d 47), also relied upon by the plaintiff in error, is not in conflict with the ruling here. In that case the witness was asked the following question: "Do you have an opinion as to what the speed of the truck was?" He replied: "No, around about 35 miles an hour I imagine." The court in holding that this testimony was insufficient to support the plaintiff's specification of negligence based on excessive speed, first noted that the rate of speed referred to in the answer of the witness was within the permissible limits, and then held as follows: "Moreover, his answer of 'No, around about 35 miles an hour I imagine' carries the connotation that he really had no opinion as to the truck's speed and that his estimate was at best a matter of speculation and conjecture. An 'imagined' speed is pure surmise, upon which a verdict should not be based."

The sole special ground is without merit.

2. The general grounds are without merit.

*Judgment affirmed.* *Felton, C. J., and Deen, J., concur.*

ARGUED JULY 8, 1965—DECIDED SEPTEMBER 8, 1965—
REHEARING DENIED SEPTEMBER 27, 1965.

*Wallace & Wallace, Candler Crim, Charles J. Driebe,* for plaintiff in error.

*Freeman & Hawkins, Joe C. Freeman, Jr., John R. McCannon, Paul M. Hawkins,* contra.