43585.    SUMMERVILLE v. THE STATE.

ARGUED APRIL 3, 1968—DECIDED MAY 3, 1968.

*Dewey Smith,* for appellant.

*Eldridge W. Fleming, Solicitor General,* for appellee.

DEEN, Judge. ■ One of the witnesses in the car immediately following that of the decedent testified that he had driven an automobile for about one and a half years, that he saw Smith give a turn signal and start to make a left turn, that as he waited for him to make the turn the defendant's automobile passed him and struck the Smith car, that he saw this automobile traveling for approximately 25 yards between the time it passed him and the time of the collision, and that in his opinion the defendant was driving at a speed of approximately 70 miles per hour. The testimony was admissible as against the objection that the witness "had not had an opportunity to form an opinion." *Presley v. Griffith,* 112 Ga. App. 377 (1) (145 SE2d 384) and cit.

■ This testimony was supported by that of another witness who estimated the speed of the automobile as between 60 and 70 miles per hour. In addition there was evidence of the distance the cars were carried by the force of the impact and the damage to the vehicles. Accordingly, the evidence supported the second count of the indictment which charged involuntary manslaughter in the commission of the unlawful act of driving in excess of the speed limit. As to the first count, one witness saw the defendant immediately before the collision at an eating place with a beer can in her hand, two witnesses testified there was alcohol on her breath immediately afterwards, and one of these gave a positive opinion based on her appearance and actions that she was under the influence of intoxicants to the extent it was less safe for her to drive than it would otherwise have been. The evidence was sufficient to support the verdict as to each count. Cf. *Wells v. State,* 110 Ga. App. 507 (139 SE2d 151).

■ The evidence indicating the defendant had been drinking liquor or beer was specifically denied in her testimony and that of her sister who was in the automobile with her. In addition,

the examining physician at the hospital testified that he detected no odor of alcohol on her. The defendant, in support of her motion for new trial on the basis of newly discovered evidence, offers affidavits of two other persons not available on the trial of the case, both of whom would testify that immediately after the wreck they helped the girls out of the car, were very near them, and smelled no alcohol on their breath. Negative evidence merely cumulative of the testimony of other witnesses cannot ordinarily be held likely to produce a different result upon another trial of the case, and is therefore insufficient to require the reversal of the trial court's order denying a new trial on this ground. *Wimbish v. State*, 13 Ga. App. 653 (2) (79 SE 744).

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*