51315, 51316. GIBBS v. GIANARIS et al. (two cases).

QUILLIAN, Judge.

These actions arose out of a collision between a motorcycle driven by the plaintiff Timothy Gibbs and an automobile driven by defendant Angie Gianaris and owned by her father the defendant George Gianaris. Case 51316 involves the suit by the plaintiff Charles Gibbs, father of Timothy Gibbs, who sought recovery for property damages and loss of services. In 51315 plaintiff Timothy Gibbs sought to recover for physical injuries. The cases were consolidated for trial before a jury which returned verdicts for the defendants. The plaintiffs' motions for new trial were overruled and they appeal to this court. *Held:*

1. There was evidence to support the verdicts and the

general grounds are without merit.

2. The plaintiffs urge that it was error to allow two witnesses to give their estimate regarding the speed of the plaintiff's motorcycle prior to the collision. It is contended that the witnesses (both in their teens) did not have sufficient opportunity to observe the vehicle and were inexperienced in estimating speed because of their age and lack of experience as drivers.

One witness, 14 years old at the time, saw the plaintiff for "just a brief second" and estimated his speed at "approximately 50 to 55 miles per hour." The witness admitted he had never driven an automobile prior to that time but stated he had owned a motorcycle. The length of time he observed the motorcycle was "just a second" and he conceded that his estimate was a "guess." The other witness, aged 15, who had ridden in and driven cars estimated the plaintiff's speed at "between 50 and 60." He stated he observed the motorcycle "between a split second and a second."

A non-expert witness may give an opinion concerning speed where he relates the facts on which such opinion is based. *Gunter v. Willingham,* 116 Ga. App. 700, 701 (158 SE2d 255), and cases therein cited. Where the witnesses' qualifications are weak, the testimony is admissible, although the weight and credit to be accorded it is for the jury. *Fried v. Richard,* 119 Ga. App. 667 (168 SE2d 339), and cases cited.

In *Western & A. R. Co. v. Hart,* 95 Ga. App. 810 (4) (99 SE2d 302), this court permitted a 12-year-old to testify as to the speed of a train. In *Rentz v. Collins,* 51 Ga. App. 782 (181 SE 678), testimony was allowed though the witness admitted his estimate was a "mere guess." In *Ellison v. Evans,* 85 Ga. App. 292, 297 (69 SE2d 94), this court held that a "witness may offer such speed as his estimate, although he refuses to swear positively that his estimate of the speed is absolutely accurate, where it appears that he believes it to be substantially correct, the credit to be given such testimony being for the jury." In *Presley v. Griffith,* 112 Ga. App. 377 (145 SE2d 384), testimony was allowed by a witness who had only gotten a "glimpse" of the vehicle, the court holding: "The period of observation upon which the testimony of a witness as to speed is based

is a factor for the jury to consider in weighing the testimony of the witness and does not affect its admissibility." For other like cases see *Gurley v. Hardwick,* 98 Ga. App. 334, 338 (106 SE2d 53); *Summerville v. State,* 117 Ga. App. 746 (1) (161 SE2d 897); *Shockey v. Baker,* 212 Ga. 106 (90 SE2d 654).

From these cases we conclude that the testimony of the witnesses was admissible, leaving for the jury to determine whether their period of observation was sufficient and whether they had the requisite experience.

3. During the course of the trial a policeman, witness for the plaintiff, gave testimony in response to the following questions: "Q. In the course of your investigation, what, if any, determination did you make of speed on the part of Timothy Gibbs? A. I would estimate between 40 and 45 miles per hour. Q. Was there any evidence of excessive speed? A. No, sir." On objection the trial judge excluded the statement as to excessive speed on the grounds it was a conclusion. This is contended to be error.

This court held in *Tittle v. McCombs,* 129 Ga. App. 148, 149 (4) (199 SE2d 363): "Another enumeration of error concerns a question rejected by the court which asked for the opinion of an eyewitness whether the speed of the motorcycle was 'excessive for the time, place and conditions.' As this witness had already testified concerning the conditions, and had given his opinion of the speed of the motorcycle, any opinion on 'excessiveness' would be a conclusion intimately related to the ultimate question of negligence and therefore an invasion of the province of the jury."

In the context given it was not error to exclude the testimony.

4. There is no merit to the contention that the defendants were permitted to cross examine their own witness.

*Judgments affirmed. Pannell, P. J., and Clark, J., concur.*

Argued October 9, 1975 — Decided November 14, 1975 — Rehearing denied December 8, 1975 — ■■■■■■■■■■

*James B. Drew, Jr.,* for appellant.
*Dennis & Fain, Thomas S. Carlock, Robert C. Semler,* for appellees.