## 56831. FERRELL v. THE STATE.

SHULMAN, Judge.

Benjamin Troy Ferrell was issued a traffic citation by the Cobb County Police Department charging him with speeding, reckless driving and eluding a police officer. It appears from documents signed by Ferrell and his attorney that he pled not guilty in traffic court and demanded a jury trial, and was given a return slip to appear in the State Court of Cobb County on February 6, 1978. The state drew a new accusation alleging the same offenses and adding a driving under the influence charge. Ferrell filed another demand for jury trial on March 6, and requested a continuance to March 8. He failed to appear on that date and signed a return slip to the next term.

The case was tried May 1, 2 and 3. Prior to trial several motions were heard, including a plea of autrefois acquit and a motion to suppress. All were denied and Ferrell then demanded an arraignment, which was also

denied. The jury found him guilty of speeding, reckless driving and eluding a police officer, acquitted him of driving under the influence, and this appeal ensued.

1. Ferrell's argument that his plea of autrefois acquit should have been granted because the failure of the state to try him in Cherokee County on charges of driving under the influence and leaving the scene of an accident amounted to an acquittal of the same conduct of which he was accused in Cobb County is without merit. It cannot be determined from the record whether criminal proceedings were instituted against Ferrell in Cherokee County. However, the DUI was the only offense prosecuted in Cobb County which was the same as one alleged by Ferrell to have been charged in Cherokee County. The issue thus became moot when he was acquitted of that charge in Cobb County. Even so, every county has the authority to prosecute offenses occurring within its jurisdiction, whether or not another county prosecutes for the same offense, as long as every element essential to the offense occurred in the prosecuting county. *Lunsford v. State,* 60 Ga. App. 537 (2) (4 SE2d 112) (1939); *Hall v. State,* 73 Ga. App. 616 (37 SE2d 545) (1946).

2. It follows that denial of a separate trial on a plea of former jeopardy was likewise harmless.

3. Ferrell's complaint that failure to formally arraign him in state court constituted reversible error cannot be sustained. "The purpose of arraignment being to put the defendant on notice as to the charge against which he must defend, the only formal arraignment necessary is reading the indictment to the accused and the entering of his plea of not guilty. [Cits.]" *Clark v. State,* 138 Ga. App. 266, 271 (7) (226 SE2d 89) (1976). Here Ferrell was issued a traffic citation informing him to appear in traffic court. He appeared, was necessarily informed of the charges against him to which he entered a plea of not guilty, and demanded a jury trial.

"Even if appellant was not properly arraigned, he waived formal arraignment by making a demand for trial and thereafter filing his motion to suppress. He in effect pleaded to the merits when he presented the issue of law, and, even though he might not have been formally arraigned, he had a right to waive arraignment, and by

his conduct did waive it. *Baskin v. State,* 137 Ga. App. 840 (225 SE2d 77)." *Sisson v. State,* 141 Ga. App. 559, 561 (4) (234 SE2d 146) (1977); *Hiatt v. State,* 144 Ga. App. 298, 299 (5) (240 SE2d 894) (1977).

4. Ferrell insists that his motion for directed verdict should have been granted on the speeding charge because no competent evidence was introduced to establish how fast he was driving. On the contrary, the ticketing officer testified that he observed Ferrell going 85 miles per hour in a 35 mile per hour zone, and that he "clocked" him at around 83 to 84 miles per hour. Counsel for Ferrell objected to the admissibility of this evidence on the ground that there was no certification that the officer's speedometer had been calibrated, but this objection was properly overruled.

A witness may testify as to the speed of an automobile even if he got only a "glimpse" of the vehicle. *Presley v. Griffith,* 112 Ga. App. 377 (1) (145 SE2d 384) (1965). " 'It is not held to be objectionable to allow a witness to testify to his opinion of the speed of a horse, a train of cars, and various movable objects. The jury can give this opinion just such weight as they think proper, judging it by the circumstances and the opportunities enjoyed by the witness for forming a correct opinion.' *Augusta R. & Elec. Co. v. Arthur,* 3 Ga. App. 513, 517 (60 SE 213). And the witness may offer such speed as his estimate, although he refuses to swear positively that his estimate of the speed is absolutely accurate, where it appears that he believes it to be substantially correct, the credit to be given such testimony being for the jury. *Thornton v. King,* 81 Ga. App. 122 (4) (58 SE2d 227); *Engle v. Finch,* 37 Ga. App. 389 (4) (140 SE 632); *Rentz v. Collins,* 51 Ga. App. 782 (4) (181 SE 678)." *Ellison v. Evans,* 85 Ga. App. 292, 297 (69 SE2d 94) (1952).

5. This court is not aware of any rule of law which requires the trial judge to instruct the state not to discuss its case with its own witnesses, nor has any been cited by the appellant. This enumeration is devoid of merit.

6. Arguments that a witness whose name did not appear on the witness list was erroneously allowed to testify because the state knew of him prior to furnishing the list are not borne out by the record. Both solicitors

stated that the evidence was newly discovered because the witness had not been located until 6:30 that morning. This was sufficient to meet the requirements of Code Ann. § 27-1403 exception to consent of the defendant. *Wooten v. State,* 145 Ga. App. 743 (245 SE2d 34) (1978); *Foster v. State,* 145 Ga. App. 595 (1) (244 SE2d 118) (1978); *Huff v. State,* 141 Ga. App. 66 (1) (232 SE2d 403) (1977).

7. Nor was it error to allow an officer testifying about various steps he took in testing Ferrell's blood alcohol content after his arrest to refresh his memory from a standard form card that is run on every test. " 'A witness may use any written instrument for the purpose of refreshing his recollection, provided he ultimately testifies from his recollection as thus refreshed, even though he did not himself write the instrument.' [Cits.]" *Ralston Purina Co. v. Hagood,* 124 Ga. App. 226, 227 (183 SE2d 492) (1971). See generally Agnor's Georgia Evidence, § 4-10 (1976).

8. The motion to produce a log book that was not within the state's possession, served in mid-trial, was properly denied. Code Ann. § 38-801 (f) and (g); *Young v. State,* 146 Ga. App. 167 (245 SE2d 866) (1978). *Haynie v. State,* 141 Ga. App. 688, 694 (234 SE2d 406) (1977), relied upon by Ferrell, was overruled by the Supreme Court. *State v. Haynie,* 240 Ga. 866 (242 SE2d 713) (1978).

9. On several occasions defense counsel attempted to cross examine state's witnesses as to whether certain accusations or traffic citations which had been admitted in evidence contained a driving under the influence charge. Each time the state objected that the exhibits themselves would be the highest and best evidence, and the objections were sustained. Ferrell contends that this was a denial of due process, equal protection and his right to cross examine witnesses. We do not agree. Appellant was attempting to prove through the use of oral testimony the contents of a writing that was not only available, but already introduced into evidence. The best evidence rule is always applicable where the contents of a writing are in issue. *Springer v. State,* 238 Ga. 81 (1) (230 SE2d 883) (1976) and cits.

10. In the course of closing argument the solicitor commented on the numerous objections made by defense

counsel during the trial, and also quoted from the Bible. Ferrell's insistence that a mistrial should have been granted is misguided. Not only does counsel "have ample latitude to argue what has transpired in a case from its inception to its conclusion, and the conduct of the party or his counsel . . ." *Adkins v. Flagg,* 147 Ga. 136, 137 (2 a) (93 SE 92) (1917), neither was it error to quote from the Bible. *Western & A. R. Co. v. York,* 128 Ga. 687 (2) (58 SE 183) (1907).

We find no error for any reason assigned.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 30, 1978 — DECIDED FEBRUARY 22, 1979 — REHEARING DENIED MARCH 20, 1979 — 

*Hirsch Friedman,* for appellant.

*Herbert A. Rivers, Solicitor, Richard B. Kuniansky, Assistant Solicitor,* for appellee.