A04A1326, A04A1361. GRIFFIS et al. v. BRANCH BANKING & TRUST COMPANY et al.; and vice versa.
(602 SE2d 307)

BLACKBURN, Presiding Judge.

Four Star Petroleum and its principals brought suit against Branch Banking & Trust Company and two of its employees, alleging mismanagement of Four Star's corporate account. Nine months later, after extensive discovery and a counterclaim, the trial court dismissed the case on the bank's motion so as to allow arbitration under the parties' written agreement on the account. In Case No. A04A1326, Four Star appeals this decision, claiming that the undisputed evidence showed that the bank had waived the arbitration provision. We agree and reverse. In Case No. A04A1361, the bank challenges the trial court's refusal to dismiss the foregoing appeal where Four Star delayed submitting for appeal the transcript of the hearing on the motion to dismiss to allow arbitration. Discerning no error, we affirm this latter judgment.

The undisputed evidence shows that Four Star had a corporate account at the bank, which included a checking account, a line of credit, and a letter of credit. Four Star and the bank agreed that each had the option to require that any disputes concerning the accounts be decided by binding arbitration under Georgia law. Dissatisfied with the bank's handling of the accounts, Four Star and its principals sued the bank and two of its employees for breach of contract and negligence concerning the accounts.

The bank and its employees answered, raising some affirmative defenses and generally denying the material allegations of mismanagement. The bank also asserted a counterclaim, seeking to recover amounts due on the letter of credit and the line of credit. No defendant raised the issue of arbitration.

Over the next several months, the parties engaged in extensive discovery, with the defendants not raising the issue of arbitration until they filed an amended answer more than nine months after the filing of the complaint. Defendants simultaneously moved the court to dismiss the case so as to allow them to pursue binding arbitration.

After a hearing on the motion, the court held that the defendants had not waived their right to seek arbitration, despite their pleadings and extensive discovery, and the court therefore granted the motion to dismiss. In Case No. A04A1326, plaintiffs appeal from this order. Defendants later moved to dismiss this appeal on the ground that plaintiffs had unreasonably delayed in filing the transcript from the hearing, which motion the court denied. In Case No. A04A1361, defendants appeal this order.

### Case No. A04A1361

1. We first address whether the court erred in denying the defendants' motion to dismiss plaintiffs' appeal on grounds that the plaintiffs had unreasonably delayed submitting the transcript of the hearing on the arbitration motion to dismiss. We hold that the trial court did not abuse its discretion in denying the motion and affirm.

In plaintiffs' notice of appeal, they stated that a transcript of the hearing on the arbitration motion to dismiss would be included in the record on appeal. Nevertheless, they did not contact the court reporter to request that the hearing be transcribed until some five months later when defendants moved the court to dismiss the appeal under OCGA § 5-6-48 (c) for unreasonable delay in filing the transcript. Evidence showed that the clerk's office had a large backlog of appeals and had only just begun preparing the record for appeal. The clerk had not been waiting for the transcript.

When contacted by the plaintiffs, the court reporting firm determined that the court reporter who took down the hearing had left the firm soon after the hearing and had lost the computer diskette. Plaintiffs amended their notice of appeal to exclude the transcript from the appellate record. The court received affidavit evidence and held a hearing on the motion to dismiss the appeal. Finding that the absence of the transcript had not unreasonably delayed or prejudiced the appeal, the court denied the motion.

"Trial courts have very broad discretion when deciding whether to dismiss an appeal for delay." (Punctuation omitted.) *Russell Morgan Landscape Mgmt. v. Velez-Ochoa.*[1] To dismiss an appeal for delay in filing a transcript, the trial court must find that the delay was unreasonable, inexcusable, and caused by the appellant. *American Nat. Property &c. Co. v. Potts.*[2] Whether a delay is unreasonable depends upon the length and effect of the delay. Id. at 646. An unreasonable delay is one that (1) causes the appeal to be stale by delaying the docketing of the appeal or (2) directly prejudices the position of a party by allowing an intermediate change of condition. Id.

Here the delay in submitting the transcript did not delay the docketing of the appeal since evidence showed that the absence of the transcript had in no way delayed the court clerk in preparing the record for appeal. Rather, the delay in preparing the record resulted from the court's backlog of appeals. The plaintiff's amendment to the notice of appeal, which excluded the transcript, precluded the transcript's absence from delaying the docketing of the appeal in this Court. Accordingly, evidence supported the court's finding that the delay was not unreasonable under this first prong. See *Sellers v. Nodvin.*[3]

Nor did evidence show that the plaintiffs' failure to timely order the transcript prejudiced defendants' position by allowing an intermediate change in condition. Defendants argue that they need the transcript to defend their position on appeal, and that the delay in ordering the transcript has resulted in the transcript being forever lost. We note, however, that no evidence showed that the delay in contacting the court reporter was the cause of the diskette being lost; indeed, plaintiffs concede this matter in their appellate briefs, acknowledging that no evidence showed at what point the diskette was lost. Because evidence supported the trial court's decision that the delay was not unreasonable, it did not abuse its discretion in denying the motion to dismiss the appeal. *Russell Morgan Landscape,* supra at 550.

## Case No. A04A1326

2. Plaintiffs contend that the trial court erred in dismissing the case to allow arbitration, arguing that the undisputed facts show that defendants waived their right to arbitrate as a matter of law by

---

[1] *Russell Morgan Landscape Mgmt. v. Velez-Ochoa,* 252 Ga. App. 549, 550 (556 SE2d 827) (2001).

[2] *American Nat. Property &c. Co. v. Potts,* 243 Ga. App. 645-646 (534 SE2d 123) (2000).

[3] *Sellers v. Nodvin,* 262 Ga. 205, 207-208 (2) (b) (415 SE2d 908) (1992).

asserting a counterclaim, by engaging in extensive discovery, and by not raising the issue until over nine months into the litigation. We agree and reverse.

Although the defendants purport that their actions were not inconsistent with a desire to arbitrate, the evidence of record clearly belies this claim. Filing an answer and pursuing a counterclaim, the defendants gave no hint that they desired to exercise their option to have binding arbitration determine the case. To the contrary, they actively pursued resolution of this matter in the trial court. They engaged in the following extensive discovery: they propounded and responded to numerous sets of interrogatories, requests to admit, and requests to produce, and even obtained court permission to serve more interrogatories than the normal number allowed; they took or defended seven depositions; and they obtained two consent orders extending the time for discovery. Then, over nine months into this intensive litigation, the defendants for the first time announced their desire to arbitrate the case and moved to dismiss on this basis.

Under Georgia law, "[a]n agreement to arbitrate is waived by any action of a party which is inconsistent with the right of arbitration." (Punctuation omitted.) *Phil Wooden Homes v. Ladwig.*[4] In *Ladwig*, the defendants answered the complaint, asserted a counterclaim and affirmative defenses (with no mention of any right to arbitration), and served three forms of written discovery on plaintiffs, who responded. Id. at 792. The parties jointly obtained an extension of the discovery period. Not until eight months after the filing of the complaint did defendants assert their right to mandatory arbitration. We reversed the trial court's ruling granting a motion to compel arbitration, holding that the defendants' actions "waived any entitlement to submit this dispute to arbitration." Id. at 793. Citing *Wise v. Tidal Constr. Co.*,[5] we reasoned that asserting a counterclaim and obtaining discovery (before asserting a right to arbitration) are inconsistent with the inherent purpose of arbitration, which is to provide a quicker and simpler resolution of disputes by extralegal means with limited discovery at best. *Ladwig*, supra at 793. See also *Burnham v. Cooney.*[6]

Here the defendants asserted a multicount counterclaim, engaged in extensive discovery (much more than in *Ladwig*), and waited nine months before asserting their right to arbitration. Accordingly, defendants undisputedly waived their right to arbitration, and we must reverse the ruling of the trial court. See *American Car*

---

[4] *Phil Wooden Homes v. Ladwig*, 262 Ga. App. 792, 793 (586 SE2d 697) (2003).

[5] *Wise v. Tidal Constr. Co.*, 261 Ga. App. 670 (583 SE2d 466) (2003).

[6] *Burnham v. Cooney*, 265 Ga. App. 246, 247 (1) (593 SE2d 701) (2004).

*Rentals v. Walden Leasing.*[7]

3. Plaintiffs seek to avoid this result by contending that defendants' failure to include the transcript of the hearing on the arbitration motion to dismiss is fatal to its appeal. They argue that without the transcript of this hearing, the Court cannot review the statements of counsel made at that hearing to determine if such constituted "evidence" relied on by the trial court in granting arbitration. They point to an affidavit submitted by their counsel that he made "statements in his place" at that hearing in response to inquiries from the court, and that the court "presumably" relied on those evidentiary statements in granting arbitration. We reject this argument.

As a general matter, it is true that the party alleging error bears the burden of showing that error affirmatively by the record and that absent that showing, the challenged judgment is assumed to be correct and must be affirmed. *Rice v. Baker.*[8] Accordingly, "[w]here the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm." Id.

The missing transcript here, however, is not necessary for review. Similar to a summary judgment hearing, the hearing was not to receive evidence but was to hear argument of counsel, with the issue focusing on whether the defendants' actions, as reflected in the record, waived defendants' right to arbitration. *Baker v. Brannen/Goddard Co.*[9] held:

> Since the purpose of the hearing is not the reception of evidence, the transcript is not usually necessary in an appeal from the grant of a motion for summary judgment. Legal argument presented to the trial court as to whether the material already on file authorizes the grant of summary judgment is not evidence. It is the evidence of record, not the assertions and objections made by counsel at the hearing, which determines the validity or invalidity of the grant of summary judgment.

(Citations and punctuation omitted.) Noting that the trial court's order granting summary judgment indicated that the court only considered evidence on file with the court (with no indication of considering any alleged extra-record evidence submitted at the hearing), *Baker* held that the transcript from the summary judgment

---

[7] *American Car Rentals v. Walden Leasing*, 220 Ga. App. 314, 318 (2) (469 SE2d 431) (1996).

[8] *Rice v. Baker*, 264 Ga. App. 704 (1) (592 SE2d 186) (2003).

[9] *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 747 (1) (559 SE2d 450) (2002).

hearing was not necessary to decide the appeal and rejected Baker's argument that its absence from the record required the court to affirm the judgment of the trial court. Id. at 746-748 (1). Compare *Gill v. B & R Intl.*[10] (court's order expressly relied on submissions made at hearing on motion).

Similarly, the court's order here stated that the court considered "the record, briefs on file, and arguments of counsel." No reference is made regarding any alleged evidence being received at the hearing on the motion. Seeking to circumvent this language, defendants submitted to the court an affidavit from their counsel that in response to several inquiries from the court at the hearing, counsel "stated in [his] place certain facts which [the judge] presumably took into account when reaching his decision." See *Ga. Bldg. Svcs. v. Perry*[11] (attorneys' statements in their place, if not objected to, serve the same function as evidence). At the subsequent hearing on the motion to dismiss the appeal for failure to file the transcript, the court questioned counsel about this affidavit, asking whether the responses at the hearing were evidentiary "statements made in place" or simply clarifying argument of counsel. Counsel could not remember. Based on this equivocal statement and on its own memory, the court found as fact that no evidence was offered at the hearing and that therefore no party was prejudiced by the transcript's absence. We discern no error in this factfinding. See *Tate v. State*[12] (factfindings by the trial court should not be disturbed if supported by any evidence).

*Judgment reversed in Case No. A04A1326. Judgment affirmed in Case No. A04A1361. Eldridge and Mikell, JJ., concur. Barnes, J., disqualified.*

DECIDED JULY 16, 2004.

*Burnette & Driggers, G. Samuel Burnette, Benjamin D. Driggers, Savage, Turner & Pinson, Robert S. Kraeuter*, for appellants.
*Arnall, Golden & Gregory, James P. Smith, Ronald C. Thomason*, for appellees.

[10] *Gill v. B & R Intl.*, 234 Ga. App. 528, 531 (1) (c) (507 SE2d 477) (1998).
[11] *Ga. Bldg. Svcs. v. Perry*, 193 Ga. App. 288, 300 (387 SE2d 898) (1989).
[12] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).