**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 24, 2025**

# In the Court of Appeals of Georgia

A25A1517. JOHNSON v. WOOD et al.

HODGES, Judge.

Plaintiff Willie Johnson appeals the trial court's order granting summary judgment to defendants Lee Scott Wood, the driver of an ambulance, and Grady Memorial Hospital Corporation ("Grady"), the owner/operator of an ambulance, in this case arising from an accident involving an ambulance and a riding lawnmower. Johnson argues that the trial court erred in granting summary judgment because questions of material fact exist regarding whether Wood was speeding, whether Wood should have seen and avoided the collision, and whether Johnson acted in a prudent manner when he chose to cross the street with his lawnmower. For the reasons expressed below, we reverse.

Summary judgment is proper when there is no issue of genuine fact as to any essential element of a claim and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

> In reviewing a grant or denial of summary judgment, we owe no deference to the trial court's ruling and we review de novo both the evidence and the trial court's legal conclusions. Moreover, we construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. In doing so, we bear in mind that the party opposing summary judgment is not required to produce evidence demanding judgment for it, but is only required to present evidence that raises a genuine issue of material fact. Indeed, summary judgment is improper if the opposing party produces even slight evidence giving rise to a triable issue of material fact.

(Citations and punctuation omitted.) *Albright v. Terminal Investment Corp.*, 373 Ga. App. 798 (909 SE2d 672) (2024).

The facts in this case are highly disputed, but construing the evidence and all inferences and conclusions arising therefrom most favorably toward Johnson as the party opposing summary judgment, the record shows as follows. In September 2019, Johnson, while riding a lawnmower, attempted to cross a public road at an intersection. Wood was driving an ambulance operated by Grady on the street that

Johnson attempted to cross. The area where the collision occurred is "a dark area" and "not extremely well-lit." According to Johnson, he drove down the road, made a complete stop when he reached the stop sign at the intersection, looked both ways, sat there for a minute or two to make sure no traffic was coming, did not see any traffic coming, and "cut into the . . center lane[,]" attempting to cross the street. Wood stated that he did not see Johnson on his lawnmower until it was too late to avoid the collision. The ambulance struck Johnson's lawnmower, and Johnson was thrown from the lawnmower. Johnson sustained injuries and was life flighted to a hospital in Tallahassee, Florida.

Johnson filed a simple negligence action against Wood and Grady. Wood and Grady subsequently filed a motion for summary judgment, arguing that Johnson could not show that Wood was negligent or had violated any traffic laws and that Johnson's own negligence was the sole proximate cause of his injuries. Johnson responded and submitted an affidavit from William Flowers, who was standing on the sidewalk in front of his yard and witnessed the collision. According to Flowers, he saw Johnson heading home on his lawn mower, saw him stop and look both ways before proceeding, and "noticed a truck that came from the highway and appeared to be

speeding, and the driver of the truck was on his phone." Flowers stated that he believed the collision occurred "because the driver was speeding and was on his phone not paying attention." In a subsequent deposition, Flowers stated that the speed limit on the road was 45 miles per hour, and he could tell the ambulance was traveling "over 45 because you could tell he was just over 45," but he couldn't tell exactly how fast the vehicle was going. He "just [knew Wood] was speeding . . . like the rest of them" who speed down the road. Contrary to his affidavit, Johnson deposed that he "never saw [Wood] holding the phone until he got out [of] the van[;]" he only believed Wood was holding the phone while driving because Wood had it in his hand when he got out of the ambulance after the accident.

The trial court granted summary judgment to Wood and Grady. In support of its finding that "there is no evidence whatsoever that Mr. Wood was negligent and no evidence to submit the case against the Defendants to a jury[,]" the trial court concluded:

> Plaintiff's lone allegation is that Wood was negligent — there is no affirmative proof or sufficient allegation that Wood did anything wrong. In his deposition, Plaintiff testified that the only wrong thing that Mr. Wood did was hit him. Plaintiff has produced no evidence that Mr. Wood failed to maintain proper lookout or use due care.

4

After discussing the discrepancies in Flowers' affidavit and deposition regarding Wood being on his phone, the trial court continued: "Plaintiff has not specified—and the evidence does not show—that Mr. Wood violated any Georgia statutes or other laws in relation to the subject collision." This appeal followed.

1. We address at the outset Wood and Grady's assertion that Johnson's failure to include a transcript of the hearing on the motion for summary judgment is fatal to his appeal. We reject this argument.

"As a general matter, it is true that the party alleging error bears the burden of showing that error affirmatively by the record and that absent that showing, the challenged judgment is assumed to be correct and must be affirmed." *Griffis v. Branch Banking & Trust Co.*, 268 Ga. App. 588, 592 (3) (602 SE2d 307) (2004). Accordingly, if a transcript is necessary for review and an appellant omits it from the record on appeal, this Court must assume the judgment below was correct and affirm. Id.

However, as stated previously, we review de novo both the evidence and the trial court's legal conclusions when tasked with considering a trial court's grant or denial of summary judgment. *Albright*, 373 Ga. App. at 798. "[B]ecause the purpose of a hearing on a motion for summary judgment is to hear legal argument rather than

5

to receive evidence, the transcript is usually not necessary on appeal from the grant of summary judgment." *D'Elia v. Phillips Edison & Co.*, 354 Ga. App. 696, 698, n. 2 (839 SE2d 721) (2020). "Legal argument presented to the trial court as to whether the material already on file authorizes the grant of summary judgment is not evidence. It is the evidence of record, not the assertions and objections made by counsel at the hearing, which determines the validity or invalidity of the grant of summary judgment." (Citation omitted.) *League v. Citibank (South Dakota)*, 291 Ga. App. 866, 867-868 (1) (663 SE2d 266) (2008). A transcript of the motion for summary judgment hearing is only necessary to our review if it contains evidentiary value, not simply arguments of counsel.

Here, the missing transcript is not necessary for our review. The trial court's order recites the relevant facts upon which it relied, all of which are in the record on appeal. And, despite Wood and Grady's argument regarding the lack of a transcript, they do not assert that evidence actually was presented at the motion for summary judgment hearing or counter Johnson's assertion that "no new evidence [was] presented in the subject motion hearing." Further, the trial court's order does not

reference "any alleged evidence being received at the hearing on the motion." *Griffis*, 268 Ga. App. at 593 (3).

The cases cited by Wood and Grady addressing a motion to dismiss hearing and a jury trial — both of which clearly involved the submission of evidence — are inapposite. See *Backensto v. Ga. Dept. of Transp.*, 291 Ga. App. 293, 293-294 (661 SE2d 647) (2008) (affirming trial court's finding of actual prejudice to support a motion to dismiss since the plaintiff failed to include an evidentiary transcript of the motion hearing); *Graham v. Haley*, 224 Ga. 498, 500 (3) (162 SE2d 346) (1968) (finding a transcript of the condemnation proceeding was critical for the appellate court to determine whether the trial court should have directed a verdict rather than submitting the case to a jury). Because the record before us does not demonstrate that evidence was presented at the summary judgment hearing, this argument lacks merit.

2. We further note that although Wood and Grady moved to strike or exclude Flowers' testimony, arguing that Flowers made statements contradicting his affidavit during his deposition,[1] the trial court deemed that motion moot and did not rule on it.

---

[1] Specifically, Wood and Grady argued in their motion to strike that Flowers' deposition testimony contradicted his affidavit testimony numerous times, and "[t]he only remedy for such testimony is to exclude the testimony in its entirety because the [c]ourt has no possible way of determining if the Flowers Affidavit is true, or if the

7

On remand, the trial court will be required to rule on the motion to strike. In the meantime, however, testimony from Flowers is in the record. We therefore will consider it at this juncture.

Although this opinion in no way addresses the merits of the motion to strike, Wood and Grady likewise argued in support of their motion for summary judgment that Flowers' testimony in his affidavit and deposition was contradictory and should be construed against him under *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986). We reject this argument and remind the trial court that the *Prophecy* rule does not apply to non-parties.

In Georgia, the *Prophecy* rule holds that "the testimony of a party who offers himself as a witness in his own behalf at trial is to be construed most strongly against him when it is self-contradictory, vague or equivocal." (Citation and punctuation omitted.) 256 Ga. at 28 (1). Accordingly, on motion for summary judgment, a trial court must determine whether "the testimony of a party-witness is contradictory" and exclude the party's favorable version of the contradiction, potentially supporting summary judgment, against him. Id. at 28 (1), 30 (2). This self-contradictory

_____

testimony in Mr. Flowers' deposition is true."

testimony rule, however, "applies *only* to parties and *not* to non-party witnesses." (Emphasis in original.) *Thompson v. Ezor*, 272 Ga. 849, 852 (2) (536 SE2d 749) (2000); accord *Miller v. Douglas*, 235 Ga. 222, 223 (219 SE2d 144) (1975) (holding that while "the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when passing upon a motion for summary judgment, [that rule] does not apply to contradictory statements by witnesses who are not parties to the litigation") (citation and punctuation omitted); *Painter v. Continental Ins. Co.*, 233 Ga. App. 436, 438 (1) (504 SE2d 285) (1998) (reversing the grant of summary judgment because any inconsistency in a non-party witness' affidavit could not be construed against the plaintiff who did not offer self-inconsistent testimony as to the issue). Indeed, Georgia courts have "never applied the *Prophecy* rule to the testimony of a non-party witness[.]" *Thompson*, 272 Ga. at 851 (2). If a non-party witness makes contradictory statements, it goes to the witness' credibility, which is a jury question, rather than the admissibility of the statements. Id. at 853 (2).

3. Turning to the merits of this appeal, Johnson argues that the trial court erred in granting summary judgment to Wood and Grady because the record contains questions of material fact. We agree given the record before us.

9

To state a cause of action for negligence in Georgia, "a plaintiff must establish four elements: duty, breach of that duty, causation, and damages." (Citation and punctuation omitted.) *Albright*, 373 Ga. App. at 801 (1). It is axiomatic that Georgia courts "strongly disfavor[]" taking the issue of negligence away from the jury's consideration. Id.

> Negligence is not susceptible to summary adjudication except where the evidence is plain, palpable, and indisputable that the respondent cannot present any slight evidence on each essential element of the action in rebuttal to create a jury issue. Questions of negligence, diligence, contributory negligence and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases.

(Citation and punctuation omitted.) Id. As our appellate courts repeatedly have held, "questions regarding causation are peculiarly questions for the jury except in clear, plain, palpable and undisputed cases." (Citation and punctuation omitted.) Id. The facts in the record as it now stands are not so "clear, plain, palpable and undisputed" so as to warrant summary judgment in favor of Wood and Grady on liability.

Indeed, the trial court's conclusions that "there is no evidence whatsoever that Mr. Wood was negligent" and "the evidence does not show . . . that Mr. Wood

10

violated any Georgia statutes or other laws in relation to the subject collision" cannot be reconciled with the evidence in the record when it is viewed in a light most favorable to Johnson. Specifically, pretermitting whether Flowers' affidavit and deposition are sufficient to support an inference that Wood was on his phone while driving, Flowers averred in his affidavit and testified in his deposition that Wood was speeding and that he believed this action caused the collision with Johnson. The trial court did not address this evidence in its order.

It is well settled that

> [w]here the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor. In addition, it has long been the rule in this State that where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury.

(Citations and punctuation omitted.) *Fouts v. Builders Transport*, 222 Ga. App. 568, 575-576 (1) (474 SE2d 746) (1996). These principles apply to a lay witness giving his opinion about the speed of a vehicle. Id. at 575 (1); accord *Heath v. Rush*, 259 Ga. App. 887 (578 SE2d 564) (2003) ("[A] lay witness may express opinions regarding speed and stopping distance based upon personal observations[.]").

It is not held to be objectionable to allow a witness to testify to his opinion of the speed of a horse, a train of cars, and various movable objects. The jury can give this opinion just such weight as they think proper, judging it by the circumstances and the opportunities enjoyed by the witness for forming a correct opinion. And the witness may offer such speed as his estimate, although he refuses to swear positively that his estimate of the speed is absolutely accurate, where it appears that he believes it to be substantially correct, the credit to be given such testimony being for the jury.

(Citations and punctuation omitted.) *Ferrell v. State*, 149 Ga. App. 405, 407 (4) (254 SE2d 404) (1979). In *Presley v. Griffith*, this Court held that it was not error for the trial court to allow the defendant to give his estimate of the plaintiff's speed, even though he had "only gotten a 'glimpse' of the vehicle[.]" 112 Ga. App. 377 (1) (145 SE2d 384) (1965). In so ruling, we concluded that "[t]he period of observation upon which the testimony of a witness as to speed is based is a factor for the jury to consider in weighing the testimony of the witness and does not affect its admissibility." Id. Likewise, in *Gibbs v. Gianaris*, 137 Ga. App. 18, 19 (2) (223 SE2d 4) (1975), this Court held that the trial court did not err in admitting the testimony of two teen eyewitnesses concerning the speed of a motorcycle, despite their brief opportunity to observe the vehicle and their lack of experience as drivers. We concluded that "[a] non-expert

12

witness may give an opinion concerning speed where he relates the facts on which such opinion is based[,]" and "[w]here the witnesses' qualifications are weak, the testimony is admissible, although the weight and credit to be accorded it is for the jury." Id.

Here, the record shows that Flowers lives near the scene of the collision, he knows the speed limit on the road where the collision occurred, he frequently observes cars traveling over the speed limit on that road, and he opined that Wood was traveling over the speed limit when he collided with Johnson. "Because Georgia follows the comparative negligence doctrine and the present record contains some evidence that [Wood] may have been at least partially at fault for the incident, summary judgment is not appropriate at this juncture." *Albright*, 373 Ga. App. at 804 (1).

> We must remember that it is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. The sole function of the court on a motion for summary judgment is to determine whether there exists

13

a genuine issue of material fact. And even slight evidence giving rise to a triable issue of material fact will suffice to defeat summary judgment.

(Citations and punctuation omitted.) *Albright*, 373 Ga. App. at 804-805 (1). Such evidence exists in the present record.

In short, viewing the evidence before us in the light most favorable to Johnson, as we must in considering Wood and Grady's motion for summary judgment, we conclude that the trial court erred by granting summary judgment to the defendants given Flowers' testimony that Wood was speeding at the time of the collision. "[E]vidence is insufficient to support summary judgment if it merely preponderates towards the defendant's theory, or if it only discloses that satisfactory proof of plaintiff's case on trial will be unlikely." (Citations and punctuation omitted.) *Carter v. Ensley*, 222 Ga. App. 159, 160 (473 SE2d 265) (1996) (holding that although the evidentiary posture may have authorized the grant of a directed verdict, it did not authorize the grant of summary judgment because the defendant was not required to carry the burden at trial and the plaintiff attempted to rebut summary judgment with

opinion evidence). Accordingly, we reverse the trial court's grant of summary judgment to Wood and Grady.

*Judgment reversed. McFadden, P. J., and Pipkin, J., concur.*