## A91A1403. NATIONAL PARENTS' RESOURCE INSTITUTE FOR DRUG EDUCATION, INC. v. PEACHTREE HOTEL COMPANY.

### (411 SE2d 884)

BIRDSONG, Presiding Judge.

The National Parents' Resource Institute for Drug Education, Inc. ("PRIDE") appeals from the grant of summary judgment to the Peachtree Hotel Company in the hotel's suit on an account under a contract for rooms provided during PRIDE's national conference in Atlanta. PRIDE alleges that the trial court erred by granting the hotel's motion for summary judgment because it was not a party to any contract with the hotel and because an arbitration clause in the contract deprived the trial court of jurisdiction. *Held*:

1. As PRIDE does not question the amount due or the legal sufficiency of the contract, the only question is whether PRIDE is a party to the contract. PRIDE's contentions that it is not a party to this contract are directly contradicted by the contract with the hotel and letters from and to PRIDE in the record.

The record shows the contract was signed by PRIDE's Associate Director and the contract shows the "group requests master billing for room, tax and planning function." "Where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties." *Health Svc. Centers v. Boddy*, 257 Ga. 378, 380 (359 SE2d 659). Accordingly, the contract plainly shows that PRIDE was a party to the contract and we may not consider parol evidence to take from or vary the terms of the contract. *Buice Grading &c. v. Bales*, 187 Ga. App. 263, 265 (370 SE2d 26).

In any event the record in this case supports fully that PRIDE was obligated under the contract. A letter to the hotel from PRIDE's Associate Director advised "this letter is to confirm that [PRIDE] has complete control over housing for the PRIDE Conferences," and requested that she be contacted in the event of problems or questions.

Additionally, the record shows that the manager of conference operations for PRIDE informed the hotel by letter, with a copy to PRIDE's Associate Director, "please find enclosed the signed contract for the PRIDE 1989 housing block." This letter was in reply to the hotel's earlier letter which stated, "enclosed is a contract which outlines my understanding of your guest room requirements. Please review this information and if all meets with your approval, sign both copies of the contract. . . . Upon receipt of the signed contract, we will then consider all arrangements confirmed and definite." Therefore, PRIDE's argument that the Associate Director merely signed a tentative contract is contrary to the record.

Based upon the evidence of record, PRIDE was a party to the

contract, and as PRIDE has never disputed the amount owed or that it was not paid, the trial court did not err by finding that the hotel was entitled to judgment.

2. Although the contract contains an arbitration clause, the record shows that PRIDE *never* made a request or demand for arbitration under the contract. "An arbitration clause of a contract may be repudiated, waived, or abandoned, by either or both parties to a contract. An agreement to arbitrate is waived by any action of a party which is inconsistent with the right of arbitration." (Citation and punctuation omitted.) *McCormick-Morgan, Inc. v. Whitehead Elec. Co.*, 179 Ga. App. 10, 12-13 (345 SE2d 53). Accordingly, PRIDE waived its contractual right to seek arbitration.

Further, the record also shows the only effort PRIDE made to raise this matter was on August 27, 1990, when in an amended answer to the complaint PRIDE asserted that if a contract existed between the parties, the suit on the contract was barred by the arbitration clause. Additionally, after this amended answer, PRIDE filed its own motion for summary judgment against the hotel which asserted its defense on the merits, but which did not mention arbitration. Moreover, PRIDE's response to the hotel's motion for summary judgment did not raise its arbitration argument in any fashion. Apart from the mention of arbitration in PRIDE's amended answer, the only other mention of arbitration was in oral argument on the cross-motions for summary judgment when PRIDE stated, "the contract . . . contains an arbitration clause that specifies that dispute under the contract will be resolved by the American Arbitration Association. PRIDE has raised that defense in an amended answer and *has waited patiently for the plaintiff to invoke arbitration proceedings* in accordance with its contract that it drew up, but it hasn't done it." (Emphasis supplied.)

Accordingly, this record shows that PRIDE participated fully in the defense of the action without ever requesting or demanding arbitration, moving for dismissal, moving for a stay, or moving to compel arbitration, or taking any action to present the arbitration issue to the trial court for a ruling. Therefore, PRIDE not only waived its contractual right to seek arbitration, but also waived this issue in the trial court. *City of Buford v. Thomas*, 179 Ga. App. 769, 772 (347 SE2d 713). Accordingly, there is no issue on arbitration for our review, and under the circumstances, the trial court did not err by granting summary judgment to the hotel.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED OCTOBER 24, 1991.

*Trotter, Smith & Jacobs, Sylvia K. Kochler, Scott K. Tippett,*

for appellant.
*Stokes, Lazarus & Carmichael, Richard J. Joseph*, for appellee.