A03A1432. PHIL WOODEN HOMES, INC. v. LADWIG et al.

(586 SE2d 697)

BARNES, Judge.

Phil Wooden Homes, Inc. ("Wooden Homes") appeals from the trial court's order dismissing its lawsuit and ordering it to submit to mandatory arbitration. We reverse, because the defendants, Randy and Sheila Ladwig, waived their right to mandatory arbitration by inconsistent conduct, i.e., by asserting a counterclaim and by obtaining discovery from Wooden Homes before asserting their right to mandatory arbitration.

The record shows that Wooden Homes filed suit against the Ladwigs on March 8, 2002, alleging the Ladwigs failed to pay for "extras" they requested on the home built for them by Wooden Homes. The Ladwigs answered the complaint and asserted a counterclaim for breach of contract and expenses of litigation on April 8, 2002, and simultaneously served interrogatories and requests for production of documents. In their answer, the Ladwigs did not assert that they were entitled to mandatory arbitration of their dispute with Wooden Homes, even though they asserted nine other affirmative defenses. After receiving Wooden Homes' response to their initial discovery requests, the Ladwigs served requests for admission on Wooden Homes. On September 16, 2002, the parties obtained a consent order from the trial court extending the discovery period through November 8, 2002. Five days after the extended discovery period ended, the Ladwigs asserted their right to mandatory arbitra-

tion for the first time. The trial court granted their motion to compel arbitration and dismissed Wooden Homes' complaint.

We find the Ladwigs' actions waived any entitlement to submit this dispute to arbitration. " 'An agreement to arbitrate is waived by any action of a party which is inconsistent with the right of arbitration. (Cits.)' *McCormick-Morgan, Inc. v. Whitehead Elec. Co.*, 179 Ga. App. 10, 13 (345 SE2d 53) (1986)." *Tillman Group v. Keith*, 201 Ga. App. 680, 681 (2) (411 SE2d 794) (1991). Compare *Weyant v. MacIntyre*, 211 Ga. App. 281, 283 (3) (438 SE2d 640) (1993) (party made known his intention to rely upon the arbitration clause, attempted to select an arbitrator in accordance with the clause, made a formal demand for arbitration via certified mail, and, after action was filed, asserted the arbitration clause in his answer and promptly moved to compel arbitration).

Our recent decision in *Wise v. Tidal Constr. Co.*, 261 Ga. App. 670 (583 SE2d 466) (2003), further supports this result. In *Wise*, this Court held that a defendant in a construction contract dispute waived a mandatory arbitration clause by conducting discovery, moving for summary judgment, and entering a consolidated pre-trial order, even though the defendant raised the issue of mandatory arbitration in its answer. We reasoned in *Wise* that the defendant "sought to have both litigation short of trial and arbitration to avoid a jury trial, which is grossly inconsistent with the inherent purpose for arbitration." Id. at 675 (2). Discovery is "a limited right under Georgia arbitration and absent under the [Federal Arbitration Act]." Id. at 674 (2). In *Wise*, as in this case, the defendant did not seek to compel mandatory arbitration until after discovery was complete.

Accordingly, we find that the defendants in this case waived their right to mandatory arbitration by their inconsistent conduct, including their filing of a counterclaim and delay in demanding mandatory arbitration. *Nat. Parents' Resource &c. v. Peachtree Hotel Co.*, 201 Ga. App. 637, 638 (2) (411 SE2d 884) (1991). As a result, the trial court erred when it dismissed this case and ordered Wooden Homes to submit to mandatory arbitration.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED AUGUST 18, 2003.

*Chesnut, Livingston & Pye, Tom Pye*, for appellant.
*Paul J. Dzikowski, Steven M. Mills*, for appellees.