## A03A2584. BURNHAM v. COONEY.
### (593 SE2d 701)

PHIPPS, Judge.

Larry Burnham hired attorney William Cooney to represent him in a lawsuit against his erstwhile business partner. After that litigation had concluded, Cooney billed Burnham for services he had rendered. Because Burnham failed to pay the bill, Cooney brought this suit against him. Burnham appeals the trial court's award of summary judgment to Cooney. The issues presented are whether Burnham waived his right to mandatory arbitration of the dispute, whether the statute of limitation bars Cooney's fee claim, and whether Burnham has a breach of contract defense to Cooney's claim. Because we find that triable issues have been presented on Burnham's statute of limitation and breach of contract defenses, we reverse the trial court's award of summary judgment to Cooney.

In August 1991, Cooney agreed to represent Burnham under an agreement styled "an engagement letter and a written fee contract." On Burnham's behalf, Cooney filed suit in the Superior Court of Chatham County in April 1992 to recover Burnham's $46,000 business investment. In February 1996, a $46,000 judgment was obtained.

In September 1998, Cooney brought this suit in the Superior Court of Richmond County, claiming that Burnham had breached their agreement by refusing to pay $34,353.30 in legal fees for which he had been billed. Cooney served Burnham with the complaint and discovery requests in October 1998. Beginning in November 1998 and continuing until March 1999, Burnham answered, asserted the defense of improper venue, and filed discovery responses.

In June 1999, Burnham moved to transfer the case to Houston County. In May 2000, he amended his answer to add a statute of limitation defense. Following additional discovery, Cooney filed a brief in opposition to the motion to transfer. He also moved for summary judgment. After conducting a hearing in November 2002, the Richmond County Superior Court granted Burnham's motion to transfer.

Several months after transfer of the case to the Houston County Superior Court, Burnham filed pleadings through which he sought a dismissal or stay of the case based on a mandatory arbitration clause in the parties' agreement. The superior court found that Burnham had waived arbitration and granted Cooney's motion for summary

judgment. Cooney was awarded a total of $80,885.78 in principal and prejudgment interest, and $8,113.58 in attorney fees.

1. Burnham contends that the court erred in refusing to enforce the mandatory arbitration clause in the parties' agreement.

"The purpose of arbitration is to avoid the courts for dispute resolution. . . . [A]rbitration parties agree to waive certain . . . rights in favor of a quick resolution of their dispute by extralegal means."[1] " 'An agreement to arbitrate is waived by any action of a party which is inconsistent with the right of arbitration.' [Cits.]"[2] In *Wise v. Tidal Constr. Co.*,[3] the defendant raised the issue of mandatory arbitration in its answer but then proceeded to conduct discovery and move for summary judgment. Finding the latter actions "grossly inconsistent with the inherent purpose for arbitration,"[4] we held that the defendant had thereby waived a mandatory arbitration clause. Accordingly, we later held in *Phil Wooden Homes, Inc. v. Ladwig*[5] that the defendants had waived their right to mandatory arbitration by filing a counterclaim and obtaining discovery before raising the issue of arbitration.

Here, Burnham pled to the merits of the case, responded to discovery, and obtained a transfer of the case from Richmond County to Houston County before asserting the mandatory arbitration clause years after suit was filed. The superior court was authorized to find that he thereby waived his right to a quicker resolution of the dispute in arbitration. There is no merit in Burnham's argument that the matter of arbitration could not be resolved until the issue of venue was litigated. The court in which this case was originally filed had authority to compel arbitration.[6]

2. Burnham next contends that the court erred in rejecting his statute of limitation defense.

Cooney seeks to recover fees for services rendered after the commencement of the Chatham County litigation in April 1992. Cooney brought this suit in September 1998, about two and one-half years after obtaining a judgment in the underlying litigation in February 1996. The parties agree that this case is governed by the six-year statute of limitation found in OCGA § 9-3-24. The statute of limita-

---

[1] (Citations and punctuation omitted.) *Wise v. Tidal Constr. Co.*, 261 Ga. App. 670, 674 (2) (583 SE2d 466) (2003).

[2] Id. at 675 (2).

[3] Id.

[4] Id.

[5] 262 Ga. App. 792 (586 SE2d 697) (2003).

[6] See *Hill v. Buggs*, 196 Ga. App. 377 (396 SE2d 36) (1990) (noting that where a case is transferred from one court to another because of improper venue, Uniform Transfer Rule T-13 (251 Ga. 893, 895) authorizes latter court to review interlocutory or other orders already entered in the case).

tion begins to run when the right of action accrues.[7] Where an attorney is entitled to be paid only after a particular result is procured, the attorney's right of action does not accrue until the right to the fee is earned by procurement of the result.[8] In this case, however, the parties' fee contract shows that Cooney was entitled to payment of fees during the progress of the litigation he was prosecuting on Burnham's behalf. Therefore, his cause of action for payment of the fees accrued as services were rendered.[9] Because Cooney is seeking to recover fees for services rendered as early as April 1992 and because this suit was not brought until September 1998, the six-year statute of limitation may bar Cooney's recovery of some of the fees sought. Therefore, the court erred in awarding summary judgment to Cooney on Burnham's statute of limitation defense.

3. Burnham argues that there are also unresolved issues on the question of whether Cooney's breach of contract bars his recovery of all or part of the disputed fees. We agree.

It is undisputed that although Cooney submitted at least one bill to Burnham before the Chatham County litigation was instituted, and that the bill was paid, Cooney did not send Burnham any other bills for legal services until about three months after the litigation was concluded. The parties' fee contract, however, required Cooney to send Burnham periodic billing statements and authorized Burnham to request a statement at intervals of no less than 30 days. If Burnham did so, the fee contract required Cooney to provide him with a statement within ten days of the request.

Burnham testified by affidavit and stated in his interrogatory responses that on many occasions during the pendency of the Chatham County litigation, he asked Cooney for billing statements but was not provided with any; that at some point during the litigation he, Burnham, discovered that the target defendant was judgment proof; that he, therefore, told Cooney he did not want to spend a lot of money on the suit; and that if he had been billed periodically as required by the fee contract, he would or might have withdrawn from the litigation. Based on this evidence, a jury would be authorized to find that Cooney's failure to provide Burnham with billing statements constituted a material breach of contract excusing Burnham's payment of some portion of the fees in dispute.[10]

Cooney argues that Burnham's complaint about nonreceipt of

---

[7] See *Griffin v. Ga.-Pacific Corp.*, 177 Ga. App. 852, 854 (2) (341 SE2d 499) (1986).

[8] See *City of Summerville v. Sellers*, 94 Ga. App. 152, 162-163 (13) (94 SE2d 69) (1956); see also *Neal v. Stapleton*, 203 Ga. 236, 244 (3) (46 SE2d 130) (1948).

[9] Cf. *Kicklighter v. Woodward*, 267 Ga. 157, 159 (2) (476 SE2d 248) (1996).

[10] See generally *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 726 (2) (389 SE2d 251) (1989).

billing statements only states a claim for recoupment of damages. Cooney cites cases such as *Johnston v. Conasauga Radiology*[11] and *Swim Dixie Pool Corp. v. Kraemer*,[12] which hold that recoupment is not a defense to the main claim but is a counterclaim. Because Burnham did not file any counterclaim, Cooney argues that he failed to negate Cooney's entitlement to summary judgment. We find no merit in Cooney's argument.

A mistakenly designated defense of recoupment must be treated as a counterclaim.[13] Moreover, "[r]ecoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the contract upon which suit is brought."[14] "It implies that plaintiff has cause of action, but asserts that defendant has counter cause of action growing out of breach of some other part of same contract on which plaintiff's action is founded, or for some cause connected with contract. [Cits.]"[15]

Here, Cooney submitted invoices to Burnham requesting payment of $34,353.30 in fees. Although Burnham has acknowledged that he may owe Cooney fees in some amount, he has averred that he did not pay the invoices because he did not believe he could possibly owe the sum requested. Thus, Burnham's position is that $34,353.30 worth of legal services would not have been rendered if Cooney had complied with his contractual obligation to provide Burnham with periodic billing statements. This is a defense, or at least a partial defense, to the main claim. It is not a counter cause of action, as was the case under the facts of *Johnston* and *Swim Dixie Pool*. The plaintiffs in both of those cases claimed that the defendants owed them money for breach of certain contractual obligations; the defendants did not deny that they owed the plaintiffs the money claimed; rather, the defendants claimed that the plaintiffs owed them money for breach of other contractual obligations. Here, Cooney claims that Burnham owes him money for breach of an obligation to pay for legal services. Burnham denies the claim, asserting that his payment obligation was dependent on Cooney's obligation to provide him with periodic billing statements. This is a defense to Cooney's claim for breach of contract,[16] and it raises material issues of fact for jury reso-

---

[11] 249 Ga. App. 791, 794 (2) (549 SE2d 778) (2001).
[12] 157 Ga. App. 748 (1) (278 SE2d 448) (1981).
[13] *T. V. Tempo, Inc. v. T. V. Venture, Inc.*, 182 Ga. App. 198, 201 (1) (355 SE2d 76) (1987).
[14] OCGA § 13-7-2.
[15] Black's Law Dictionary, p. 1439 (rev. 4th ed. 1968).
[16] See 17A AmJur2d, Contracts, § 701, p. 715 (1991) (party committing breach of contract cannot maintain an action against other contracting party for failure to perform if promises are dependent).

lution. Consequently, Cooney was not entitled to summary judgment.[17]

4. It follows that the award of attorney fees to Cooney was error. *Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 20, 2004.

*Carl A. Veline, Jr.,* for appellant.
*William J. Cooney,* pro se.