**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 3, 2014**

# In the Court of Appeals of Georgia

A14A0264. ODION v. AVESIS, INC. et al.

McFADDEN, Judge.

This is a dispute between a health care provider and a health insurance provider. Acting pro se on behalf of himself and three corporate entities, Dr. Gege Odion appeals from the trial court's dismissal with prejudice of his lawsuit against Avesis, Inc., Avesis Third Party Administrators, Inc. and several individual defendants (collectively, "Avesis"). The trial court dismissed the lawsuit on the ground that the claims asserted therein were subject to a contractual arbitration provision.

We dismiss the appeal to the extent it raises claims of error on behalf of the corporate entities, because Odion is not a licensed attorney entitled to represent them before this court. Regarding the claims of error Odion brings on his own behalf, we

reverse the dismissal of the lawsuit's claims for injunctive relief, because those claims are not arbitrable under the plain language of the parties' agreement. We vacate the dismissal as to the remaining claims in the lawsuit because, although the trial court was authorized to dismiss them under the arbitration clause, the trial court erred in doing so with prejudice. We remand this case for further proceedings not inconsistent with this opinion.

1. *Facts and procedural posture.*

An agreement between Odion and Avesis Third Party Administrators established Odion as a "Participating Provider," which the agreement defined as an "optometrist, ophthalmologist or optician who has been approved by Avesis to provide covered [vision care] benefits to [certain patients]." The agreement described each party's responsibilities regarding the provision of those benefits. Its general provisions included an arbitration clause that pertinently provided:

> Except as may otherwise be provided for herein, any and all disputes arising out of or relating to this Agreement and the transactions contemplated herein, shall be solely and finally settled by binding arbitration. Such arbitration shall be administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules (the "Rules"), by a single arbitrator selected in accordance with the Rules (the "Arbitrator"). . . . Except as set forth below, the parties

hereby renounce all recourse to litigation as to matters subject to arbitration hereunder, and the parties agree that the award of the Arbitrator shall be final and subject to no judicial review, except as expressly provided by applicable law. . . . Notwithstanding the foregoing, each party shall have the right to seek injunctive or other equitable relief in any court of competent jurisdiction to enforce the provisions of the Agreement without first seeking or obtaining any decision of the Arbitrator with respect to the subject matter of this Agreement, even if a similar or related matter has already been referred to arbitration in accordance with the terms of this paragraph.

On January 2, 2013, Odion brought this action in superior court. He argued that Avesis breached the agreement by failing to notify his business, Optiworld Vision Center, LLC, of an impending audit; by improperly conducting that audit; by improperly suspending Odion's status as a Participating Provider; by failing to disclose that suspension; and by terminating the agreement without providing "adequate alternative means of resolution." He also asserted claims for misrepresentation, fraud and conspiracy, tortious interference with business relations, and violations of the United States Constitution. Odion based these claims on allegations that, in 2007, Avesis had wrongfully audited his business and had taken other actions that prevented him from obtaining the benefits of his agreement with

Avesis. Odion sought general and punitive damages, costs of litigation, and injunctive relief.

Avesis answered and asserted several defenses, including that the terms of the agreement barred the action. Avesis also moved to dismiss on the ground that the agreement's arbitration clause barred the action. It did not seek to compel arbitration in either pleading.

Odion asserted several arguments in response to the motion to dismiss, including (pertinent to this appeal) that Avesis had waived its right to enforce the arbitration clause by taking actions inconsistent with its rights under that clause; that the agreement fell within OCGA § 9-9-2 (c) (1), which excludes from the Georgia Arbitration Act (OCGA §§ 9-9-1 et seq.) certain agreements "relating to arbitration of medical malpractice claims"; that Avesis had not sought to compel arbitration under § 9-9-6 of the Georgia Arbitration Act; and that the agreement's arbitration clause did not apply to an action seeking injunctive relief. Odion also submitted two exhibits to support his argument that Avesis had waived its right to enforce the arbitration clause: a September 14, 2007, letter from him to Avesis in which he "strongly suggest[ed] the intervention of an independent third party; that is, a mediator, arbitrator or judicial officer"; and Avesis's responding October 15, 2007,

4

letter in which it declined to grant what it characterized as a request for third-party mediation.

The trial court granted Avesis's motion, finding that the agreement's arbitration clause was "clear and unambiguous, making it a valid and enforceable arbitration clause." The trial court also found that the complaint did not assert claims of medical malpractice and, therefore, was "not excepted from the binding arbitration clause" pursuant to OCGA § 9-9-2 (c) (1). The trial court dismissed Odion's complaint with prejudice.

2. *Claims of the corporate entities.*

Odion brought this appeal on behalf of himself "individually, and d/b/a Optiworld Vision Center, LLC, Dr. Gege Odion, P. C., and Gege Odion Enterprise, LLC." Because Odion is not a licensed attorney, however, he cannot represent the three corporate entities in a court of record. See *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997); *Sterling, Winchester & Long, LLC v. Loyd*, 280 Ga. App. 416, 417 (1) (634 SE2d 188) (2006). Accordingly, to the extent the appeal advances claims on behalf of the corporate entities, it is dismissed.

3. *Claims of Odion as an individual.*

Odion challenges the trial court's dismissal of his action with prejudice for raising claims that were subject to arbitration. Under the Georgia Arbitration Act, "a provision in a written contract to submit any controversy thereafter arising to arbitration is enforceable without regard to the justiciable character of the controversy." OCGA § 9-9-3. Odion does not dispute the existence of a valid arbitration agreement. Instead, he argues that some of his claims were not arbitrable under the agreement, that Avesis waived its right to enforce the agreement, that a dismissal with prejudice was not the appropriate response to an action that raised claims subject to arbitration, and that the trial court should be disqualified for entering a "prejudicially motivated" ruling.

(a) *Arbitrability of claims for injunctive relief.*

In his complaint, Odion asked the trial court, among other things, to "[i]ssue an order permanently enjoining defendants from continuing their discriminatory practices against [him] as a provider of eye care services to Georgia citizens" and to "[i]ssue an injunction directing defendants to reinstate [his] provider status . . . under the terms of the contract originally agreed upon between the parties." He correctly argues that these claims for injunctive relief were not subject to the arbitration clause in the parties' agreement.

6

The paragraph addressing arbitration begins with the qualification that the arbitration procedure to which the parties agreed applies "[e]xcept as may otherwise be provided for herein. . . ." After setting forth the arbitration procedure, that paragraph concludes:

> *Notwithstanding the foregoing*, each party shall have the right to seek injunctive or other equitable relief in any court of competent jurisdiction to enforce the provisions of the Agreement without first seeking or obtaining any decision of the Arbitrator with respect to the subject matter of this Agreement, even if a similar or related matter has already been referred to arbitration in accordance with the terms of this paragraph.

(Emphasis supplied.) The paragraph's plain language reflects the parties' intent to except from the arbitration procedure actions involving injunctive or equitable relief and allow the parties to seek such relief in a court of law, whether or not they are arbitrating other disputes related to the agreement. Consequently, the trial court erred in dismissing the claims for injunctive relief on the ground that they were subject to arbitration under the agreement.

As the special concurrence explains, this procedure may lead to inconsistent rulings if a party simultaneously pursued equitable claims in court and other claims before an arbitrator. Nevertheless, it is the procedure to which the parties agreed.

7

Questions arising out of such inconsistencies must be first addressed by the trial court.

Avesis urges that we affirm the trial court's judgment because Odion failed to provide a transcript of the hearing on the motion to dismiss. But the lack of a transcript does not require us to affirm the dismissal of the claims for injunctive relief, because no transcript is necessary to decide the arbitrability of those claims. See *Cameron v. Miles*, 311 Ga. App. 753, 755 (1) (716 SE2d 831) (2011) (principle that in absence of transcript we must presume evidence supports trial court rulings "only applies if consideration of the transcript is essential to the resolution on appeal") (citation omitted). Accordingly, we reverse the dismissal of the claims for injunctive relief.

(b) *Arbitrability of remaining claims.*

Odion's remaining claims for breach of contract, tort, and constitutional violations were subject to arbitration under the terms of the parties' agreement because they arose out of and related to that agreement. Accordingly, the trial court correctly determined that the arbitration clause applied to those claims. We do not agree with Odion's argument that the trial court applied the wrong standard when it considered Avesis's motion to dismiss and improperly converted that motion into one

8

for summary judgment by considering evidence outside the pleadings. The arbitrability of disputes under the arbitration provision of a contract is a legal question, *Helms v. Franklin Builders*, 305 Ga. App. 863, 864 (700 SE2d 609) (2010), and the trial court was authorized to look at the entire record to make this determination. See *Southern Telecom v. Level 3 Communications*, 295 Ga. App. 268, 271 (1) (a) (671 SE2d 283) (2008). We also find no support for Odion's claim that the trial court considered "illegal evidence" in rejecting the argument, made in Odion's opposition to the motion to dismiss, that his claims may have fallen within the medical malpractice exception to the Georgia Arbitration Act. See OCGA § 9-9-2 (c) (1).

(c) *Waiver of the right to enforce the arbitration provision.*

Odion argues that Avesis waived its right to enforce the agreement's arbitration clause. "A party may waive the arbitration provisions of a contract by taking legal action inconsistent with arbitration." *Weyant v. MacIntyre*, 211 Ga. App. 281, 283 (3) (438 SE2d 640) (1993) (citation omitted); see also *McCormick-Morgan, Inc. v. Whitehead Elec. Co.*, 179 Ga. App. 10, 13 (345 SE2d 53) (1986). But "in those cases where waiver was to have occurred, the party seeking to rely on an arbitration clause

9

did not promptly invoke or seek to enforce the clause." *Weyant*, 211 Ga. App. at 283 (3) (citation omitted).

Here, in contrast, Avesis invoked the arbitration clause both as a defense in its answer and as the ground for its motion to dismiss. See generally *Nat. Parents' Resource Institute for Drug Ed. v. Peachtree Hotel Co.*, 201 Ga. App. 637, 638 (2) (411 SE2d 884) (1991) (listing motion to dismiss among actions that defendant could take in response to lawsuit to avoid waiver of rights under arbitration clause). And Avesis did so immediately, before engaging in discovery into the merits of the case. Compare *Phil Wooden Homes v. Ladwig*, 262 Ga. App. 792, 793 (586 SE2d 697) (2003) (defendant waived rights under arbitration clause by waiting until end of discovery before invoking clause in motion to dismiss); *Tillman Group v. Keith*, 201 Ga. App. 680, 681 (2) (411 SE2d 794) (1991) (defendant waived rights under arbitration clause by litigating merits of arbitrable claim in court having jurisdiction to compel arbitration without seeking to initiate arbitration proceedings). The actions Avesis took in response to Odion's lawsuit to enforce its rights under the arbitration clause reflect that Avesis "had no intention of waiving such . . . right[s]." *H. R. H. Prince Ltc. Faisal M. Saud v. Batson-Cook Co.*, 161 Ga. App. 219, 221 (3) (b) (291 SE2d 249) (1982) (citation omitted).

10

Odion argues that Avesis's response to his 2007 letter was an act inconsistent with arbitration. We disagree. Odion proposed in his letter "the intervention of an independent third party; that is, a mediator, arbitrator or judicial officer." This proposal was not a demand for arbitration under the Georgia Arbitration Act, because it did not satisfy the statutory requirements for such a demand. See OCGA § 9-9-6 (c) (arbitration demand *shall* specify the agreement pursuant to which it is sought, the name and address of the party serving the demand, the nature of the dispute to be arbitrated, and the requirement for the party being served to apply for an order to stay arbitration or be precluded from asserting certain defenses). Consequently, Avesis's letter in response, in which it characterized the proposal as a request for a third party mediator that did not comply with Avesis's policies and procedures, was not a rejection of an arbitration demand or an action inconsistent with arbitration. Compare *McCormick-Morgan, Inc.*, 179 Ga. App. at 13 (act of negotiating and accepting payment in settlement of disputes constituted waiver of contractual right to arbitrate those disputes). Although Odion argues that, given Avesis's response, any attempt to arbitrate the dispute would have been in vain, nothing prevented him from demanding an arbitration proceeding in compliance with OCGA § 9-9-6 (c) and the terms of the parties' agreement, and then moving to compel arbitration pursuant to

11

the procedures established in OCGA § 9-9-6 (a) (discussed below) if Avesis refused his demand.

Odion argues that Avesis's attempt to enforce the arbitration clause despite its response to Odion's 2007 letter violates the rule discussed in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), and *Chambers v. Citizens & Southern Nat. Bank*, 242 Ga. 498 (249 SE2d 214) (1978). Those decisions address the treatment of conflicts within the testimony of a party-witness and have no application to this case.

Finally, Odion argues that OCGA § 9-9-6 (a) of the Georgia Arbitration Act required Avesis to move to compel arbitration in response to Odion's action. Again, we disagree. Under OCGA § 9-9-6 (a), "[a] party aggrieved by the failure of another to arbitrate *may* apply for an order compelling arbitration," and "[i]f an issue claimed to be arbitrable is involved in an action pending in a court having jurisdiction to hear a motion to compel arbitration, the application shall be made by motion in that action." (Emphasis supplied.) The plain language of this Code section makes a motion to compel arbitration optional, but directs that a party opting to file such a motion do so in a pending action, if such an action exists. Under the circumstances of this case, where Avesis invoked the arbitration clause in its answer and moved to

12

dismiss on that ground without litigating the merits of Odion's action, Avesis's failure to move to compel arbitration was not an action inconsistent with arbitration that constituted a waiver of Avesis's rights under the arbitration clause.

(d) *Propriety of dismissal in response to the action.*

Odion claims that the trial court erred in dismissing his lawsuit with prejudice rather than taking less "extreme" measures regarding the arbitrable claims. This Court, however, has acknowledged dismissal as a possible response to an action that raises a claim subject to arbitration. See *Helms*, 305 Ga. App. at 866 (dismissing case "so that the parties could pursue arbitration"); *Nat. Parents' Resource Institute for Drug Ed.*, 201 Ga. App. at 638 (2) (including motion to dismiss in list of actions a defendant could take in response to a lawsuit raising an arbitrable claim).

Nevertheless, the trial court should have dismissed the claims without prejudice. The trial court did not and, in fact, could not reach the merits of the claims that were subject to arbitration. See *Helms*, 305 Ga. App. at 865 n. 6 (noting that defendant's summary judgment motion premised on arbitrability of claims in plaintiff's action was more accurately characterized as a "motion to dismiss [the] claims without prejudice pending arbitration") (citation omitted); *Ralston v. City of Dahlonega*, 236 Ga. App. 386, 387 (1) (512 SE2d 300) (1999) (trial court is not

13

authorized to inquire into merits of action to determine arbitrability of claims raised therein). Accordingly, as to Odion's remaining claims (those other than the claims for injunctive relief addressed in Division 3 (a), supra), we vacate the order dismissing the claims with prejudice and remand for proceedings not inconsistent herewith. See generally *Ransom v. Holman*, 305 Ga. App. 533, 534-535 (699 SE2d 849) (2010) (vacating dismissal order and remanding case where dismissal of action was proper but trial court erred in doing so with prejudice); *Sampson v. Haywire Ventures*, 278 Ga. App. 525, 527-528 (629 SE2d 515) (2006) (same).

(e) *Disqualification of trial judge.*

. Odion argues that the trial judge's dismissal order evinces a prejudice against him that should disqualify the judge and render the judgment void. But Odion did not raise this issue below and preserve it for appellate review. See *State v. Hargis*, __ Ga. __, __ (1) (__ SE2d __) (Case No. S13G0645, decided March 17, 2014). Moreover, Odion has offered no argument that any alleged prejudice on the part of the trial judge stemmed from an extra-judicial source, as required for disqualification. See *Heidt v. State*, 292 Ga. 343, 347-348 (3) (736 SE2d 384) (2013).

*Judgment reversed in part and vacated in part, appeal dismissed in part, and case remanded with direction. Andrews, P. J., concurs.   Ray, J., concurs in Divisions 1, 2, 3 (b) (c) (d) and in the judgment.*

RAY, Judge, concurring specially.

I write to explain my decision to concur in judgment only to division 3(a) of the majority's opinion, which holds that Odion's claims for injunctive relief were properly before the trial court and should not have been dismissed.

Clearly, as set forth within Paragraph 4 of the Agreement, it was the intent of the parties that "any and all disputes relating to this Agreement . . . shall be solely and finally settled by arbitration," which is why both the trial court and this Court agree that Odion's claims for breach on contract, misrepresentation, fraud and conspiracy, and tortious interference with business relations were properly dismissed. At the same time, however, the result of this appeal is that we are returning this case to the trial court to decide whether Odion may obtain injunctive relief. The majority's

decision is based upon language in the Agreement that permits the parties "to seek injunctive or other equitable relief in any court of competent jurisdiction to enforce the provisions of this Agreement," whether or not they have first obtained a decision in arbitration or whether the case was currently pending before an arbitrator.

If this seems confusing to you, then I agree. A valid question exists as to why are we dismissing Odion's substantive claims, but at the same time stating that he can pursue injunctive relief from the trial court on those very same claims? To me, the only logical reading of the Agreement and these seemly conflicting provisions is that the parties may seek injunctive or equitable remedies that are available only from the trial court, but that the substance of the dispute must be decided by the arbitrator.[1] For example, I believe that the arbitrator, if one is ever appointed, should decide all matters of dispute between the parties, such as whether there has been a breach of contract or whether a tort has been committed by one or both of the parties; if that is found to be so, then the trial court should decide whether such situation would warrant the exercise of its equitable powers to issue an injunction. If, on the other hand, neither party requests arbitration on the underlying causes of action, or the

[1] If we held otherwise, it would leave open the possibility of an arbitrator and the trial court reaching different conclusions and rendering inconsistent results.

2

arbitrator finds that no breach of contract or tort has been committed, then I believe that the trial court would properly be within its rights to deny the claim for an injunction.