# Court of Appeals
# of the State of Georgia

ATLANTA,__March 16, 2017_____

*The Court of Appeals hereby passes the following order:*

**A17D0297.   GEGE ODION v. SHABTAY VARON et al.**

In 2014, the trial court entered a final order granting summary judgment to the defendants in this case. In January 2017, Gege Odion, appearing pro se and purportedly proceeding as an assignee of plaintiff Gege Odion Enterprises, LLC, filed a motion for reconsideration and disqualification of judges and a motion to recuse the judge who entered the 2014 order. Following dismissal of those motions, Odion filed this discretionary application. We, however, lack jurisdiction.

Gege Odion Enterprises, LLC, as a limited liability company, must be represented by an attorney to bring an appeal to this Court. See *Odion v. Avesis, Inc.*, 327 Ga. App. 443, 445 (2) (759 SE2d 538) (2014); *Winzer v. EHCA Dunwoody, LLC*, 277 Ga. App. 710, 714 (3) (627 SE2d 426) (2006). Because Odion is not an attorney, he may not represent Gege Odion Enterprises, LLC. Accordingly, his pro se filings are a nullity. See *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (pro se filings by defendant who is represented by counsel have no legal effect). See also *Robinson v. Dept. of Transp.*, 185 Ga. App. 597, 601 (364 SE2d 884) (1988) ("only a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so"). Moreover, although Odion sought to join in the case below, his motion was denied in July 2014, and he failed to timely appeal from that decision. To be timely, an appeal or application must be filed within 30 days of the entry of the order or judgment to be appealed. OCGA §§ 5-6-35 (d); 5-6-38 (a).

Even if Odion were a proper party to this appeal, his application would still be

subject to dismissal. The filing of a motion for reconsideration does not extend the time for filing an appeal, and an order disposing of such a motion is not appealable in its own right.[1] *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985). And Odion's post-judgment motions to recuse or disqualify are moot because the case was decided on the merits in 2014. A matter is moot if a ruling would have no practical effect on the alleged controversy. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997). See also OCGA § 5-6-48 (b) (3) (an appeal may be dismissed when the questions presented have become moot).

For these reasons, Odion's application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *C l e r k ' s     O f f i c e ,*
*Atlanta,   03/16/2017*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*

---

[1] There are two exceptions to this rule. The denial of a motion for reconsideration of an interlocutory order may serve as the basis for an application for interlocutory appeal, and the denial of a motion denominated as one for reconsideration but raising the grounds for a motion to set aside may be appealed by discretionary application. See *Ferguson v. Freeman*, 282 Ga. 180, 181 (1) (646 SE2d 65) (2007). Neither exception applies here, despite Odion's claim that he raised grounds for a motion to set aside. A motion to set aside may be based on lack of jurisdiction; "fraud, accident, or mistake or the acts of the adverse party"; or a "nonamendable defect which appears upon the face of the record or pleadings." OCGA § 9-11-60 (d). Odion sought reconsideration based on the transfer of the case between two divisions of the superior court, the law of the case, and an allegedly unauthorized easement, none of which fall under OCGA § 9-11-60 (d).