**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 18, 2020**

# In the Court of Appeals of Georgia

A20A0658. ODION et al. v. AVESIS, INC. et al.

MILLER, Presiding Judge.

This case, which appears before this Court for the second time, involves a dispute between a health care provider, Dr. Gege Odion, and various health insurance provider defendants (collectively "Avesis"), concerning Odion's provider agreement. On appeal, Odion argues that the trial court (1) erred by granting Avesis' motion for judgment on the pleadings; (2) erred by denying his motion to vacate the final arbitration award entered in this case; (3) erred by dismissing his claims for equitable relief; and (4) erred by granting Avesis' motion for attorney fees under OCGA §§ 9-15-14 (a) and (b).

We determine that the trial court partially erred in granting Avesis' motion for judgment on the pleadings because it could not reach the question of whether Odion's

substantive claims were time-barred, and, concomitantly, the trial court erred in ruling that any request for equitable relief stemming from Odion's substantive claims was therefore moot. We affirm, however, the trial court's denial of Odion's motion to vacate the arbitrator's final award, and we also affirm the trial court's denial of Odion's request for an order permanently enjoining Avesis from "continuing their discriminatory practices" against him. Accordingly, we affirm in part and reverse in part.

"On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings, and we construe the complaint in a light most favorable to the appellant, drawing all reasonable inferences in his favor." (Citation omitted.) *Hewell v. Walton County*, 292 Ga. App. 510, 510-511 (664 SE2d 875) (2008).

> Where the movant does not introduce affidavits, depositions or interrogatories in support of the motion, such motion is equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the plaintiff's claim.

(Citation and punctuation omitted.) Id. at 511 (1).

2

This Court recited much of the pertinent factual history of this case in its decision in *Odion v. Avesis, Inc.*, 327 Ga. App. 443 (759 SE2d 538) (2014) ("*Odion I*"). "An agreement between Odion and Avesis Third Party Administrators established Odion as a 'Participating Provider,' which the agreement defined as an 'optometrist, ophthalmologist or optician who has been approved by Avesis to provide covered vision care benefits to certain patients." (Punctuation omitted.) Id. (1). "The agreement described each party's responsibilities regarding the provision of those benefits." Id. In 2013, Odion filed suit against Avesis, claiming that

> Avesis breached the agreement by failing to notify his business, Optiworld Vision Center, LLC, of an impending audit; by improperly conducting that audit; by improperly suspending Odion's status as a Participating Provider; by failing to disclose that suspension; and by terminating the agreement without providing 'adequate alternative means of resolution.'

Id. at 444 (1). "Odion sought general and punitive damages, costs of litigation, and injunctive relief." Id. "Avesis answered and asserted several defenses, including that the terms of the agreement barred the action. Avesis also moved to dismiss on the ground that the agreement's arbitration clause barred the action." Id. The trial court dismissed Odion's complaint with prejudice, determining that "the agreement's

3

arbitration clause was clear and unambiguous, making it a valid and enforceable arbitration clause. The trial court also found that the complaint did not assert claims of medical malpractice and, therefore, was not excepted from the binding arbitration clause. . . ." (Punctuation omitted.) Id. at 444-445 (1).

Upon Odion's initial appeal to this Court, we issued two holdings most applicable to the present appeal. First, we reversed the trial court's dismissal of Odion's claims for injunctive relief, determining that the parties intended to except these claims from arbitration. *Odion*, supra, 327 Ga. App. at 446 (3) (a) (physical precedent only). Second, we held that the trial court correctly determined that Odion's claims for breach of contract, tort, and constitutional violations were subject to arbitration, id. (3) (b), but that the trial court should have dismissed these arbitrable claims without prejudice, rather than with prejudice. Id. at 449 (3) (d). We therefore vacated the order of dismissal and remanded for proceedings not inconsistent with the opinion. Id.[1]

---

[1] We also dismissed the appeal to the extent that Odion had advanced claims on behalf of three corporate entities, "Optiworld Vision Center, LLC, Dr. Gege Odion, P.C., and Gege Odion Enterprise, LLC." *Odion*, supra, 327 Ga. App. at 445 (2). We reasoned that because Odion is not a licensed attorney, he could not represent these entities in a court of record. Id.

4

In an order entered on August 5, 2014, the trial court adopted this Court's decision as its own, reversed the portion of its order that had dismissed Odion's claims for injunctive relief, and reinstated Odion's claims against the defendants.[2] Later that month, Odion filed a demand for arbitration with the American Arbitration Association (the "AAA"). Subsequently, however, Odion filed a motion to stay the arbitration in the DeKalb County Superior Court, contending that the AAA had improperly chosen Arizona as the locale for arbitration. Odion also requested orders to prevent the AAA's administrator from acting further on the case, to prohibit the AAA from changing the locale of the case to Arizona, and to prohibit the AAA from "listing arbitrators that are licensed attorneys in Arizona state as the only potential arbitrators in this case."

The arbitration proceeded, but before the entry of the arbitrator's final award Avesis filed a motion for judgment on the pleadings in the trial court in February 2015. First, Avesis requested the trial court to dismiss Odion's complaint with prejudice because Odion's claims for breach of contract, tort, and constitutional

_____

[2] Although Odion contends that the trial court did not dismiss his arbitrable claims without prejudice as directed, the trial court clearly stated in its order: "[T]his court HEREBY adopts and makes the Remittur issued in the above styled case by the Georgia Court of Appeals in case number A14A0264 on June 3, 2014 into an order of this Court."

violations were barred by either their respective statutes of limitation, or Odion's failure to refile his claims within six months of the trial court's August 2014 order, as permitted by the renewal statute (OCGA § 9-2-61). Regarding Odion's claim for injunctive relief, the defendants argued that (1) because Odion had no surviving substantive claims, there were no longer any actionable claims upon which to base any injunctive relief; and (2) alternatively, Odion had failed to state any claims upon which injunctive relief could be granted. The arbitrator thereafter issued a final award in favor of Avesis, awarding Avesis fees and costs. The arbitrator found that despite having received notice of scheduled telephone hearings, Odion had repeatedly refused to participate in the arbitration; that Odion had knowingly and voluntarily waived arbitration; that Odion's claims were barred by the statutes of limitation under both Arizona and Georgia law; and that Odion had not presented a prima facie case upon which relief could be granted. Odion filed a motion to vacate the award and all of the arbitrator's orders previous orders.

Construing Avesis' motion for judgment on the pleadings as a motion to dismiss for failure to state a claim, the trial court granted Avesis' motion and also denied Odion's motion to vacate the arbitration award. The trial court determined that Odion had failed to renew the claims that had been dismissed without prejudice and

6

that the statute of limitation had expired as to each of his claims. The trial court further ruled that any request for equitable relief based on these substantive claims was moot and that Odion had not shown grounds to vacate the arbitration award. Odion then filed the present appeal.[3]

1. Odion argues that the trial court erred by granting Avesis' motion for judgment on the pleadings. We agree that the trial court's decision was partially error because the trial court had no authority to rule that Odion's substantive claims were time-barred.

A "statute of limitation defense is a matter to be considered by a court having proper jurisdiction of the merits." *Hight v. Blankenship*, 199 Ga. App. 744, 745 (406 SE2d 241) (1991). And as we explained in *Odion I*, the trial court "could not reach the merits of the claims that were subject to arbitration." *Odion*, supra, 327 Ga. App. at 449 (3) (d). Thus, the trial court could not grant Avesis' motion on the basis that Odion's substantive claims were time-barred. See *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 867 (2), n.14 (463 SE2d 5) (1995) (entry of summary judgment due to the expiration of the statute of limitation is "certainly an adjudication on the

---

[3] We note that it is not apparent whether a trial court has confirmed the arbitrator's final award.

7

merits"); *U. S. Cas. Co. v. American Oil Co.*, 104 Ga. App. 209, 212 (1) (121 SE2d 328) (1961) (explaining that the privilege of renewal applies to "toll the statute of limitation"); *South v. Montoya*, 244 Ga. App. 52, 53 (2) (537 SE2d 367) (2000) (characterizing the "running or tolling of the statute of limitation" as merits issues). See also *O'Keefe Architects, Inc. v. CED Constr. Partners, Ltd.*, 944 So. 2d 181, 188 (Fla. 2006) (parties' broad agreement to arbitrate required the arbitrator, and not the trial court, to resolve whether claims were barred by the statute of limitation). Indeed, as explained above, the arbitrator's final order in this case also included a statute of limitation ruling. "When a trial court enters a judgment where it does not have jurisdiction, such judgment is a mere nullity; . . . the void judgment will be reversed." (Citation omitted.) *Chandler v. Rohner*, 323 Ga. App. 713, 714 (747 SE2d 870) (2013). Because the trial court could not grant Avesis' motion for judgment on the pleadings on the basis that Odion's substantive claims were time-barred, we reverse the trial court's decision.

Relatedly, we must also reverse the trial court's decision that Odion's request for an injunction was moot.[4] The trial court ruled that since Odion's substantive

---

[4] In Division (3) (a) of *Odion I*, the Court directed that Odion was permitted to pursue his equitable claims in the trial court. *Odion*, supra, 327 Ga. App. at 446 (3) (a) (physical precedent only). The special concurrence, however, reasoned as follows:

claims were time-barred, any request for equitable relief as a result of these claims was moot. In his complaint, Odion requested an injunction directing Avesis to reinstate his provider status under the terms of the parties' agreement, and this request clearly derives from one or more of his substantive claims against Avesis. Axiomatically, therefore, the trial court dismissed Odion's request for this injunction as moot. As discussed above, however, the trial court was not authorized to rule that Odion's substantive claims were time-barred. It follows, then, that we must also

> [T]he only logical reading of the Agreement . . . is that the parties may seek injunctive or equitable remedies that are available only from the trial court, but that the substance of the dispute must be decided by the arbitrator. For example, I believe that the arbitrator, if one is ever appointed, should decide all matters of dispute between the parties, such as whether there has been a breach of contract or whether a tort has been committed by one or both of the parties; if that is found to be so, then the trial court should decide whether such situation would warrant the exercise of its equitable powers to issue an injunction.

Id. at 450. To the extent that the majority opinion in *Odion I* is at odds with the special concurrence, this does not affect our analysis. The trial court was given clear direction by a majority of the Court in this case, and we now examine whether the trial court committed any error in light of this clear direction. See OCGA § 9-11-60 (h) ("[A]ny ruling by the . . . Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the . . . Court of Appeals[.]").

reverse the trial court's decision that Odion's request for an injunction was therefore

moot. See, e.g., *Gaw v. Telfair County Bd. of Commrs.*, 277 Ga. 157, 158 (2) (587

SE2d 50) (2003) (reversing dismissal of the plaintiff's claim for injunctive relief

where the trial court erred in granting the motion to dismiss the complaint).[5]

2. Next, invoking numerous statutory grounds, Odion argues that the trial court

erred by denying his motion to vacate the arbitrator's final award. We determine that

the trial court properly denied Odion's motion to vacate because Odion did not satisfy

any of the statutory grounds that allow for vacatur.

"[T]he power of a court to vacate an arbitration award has been severely limited

in order not to frustrate the legislative purpose of avoiding litigation by resort to

arbitration." (Citation and emphasis omitted.) *Haddon v. Shaheen & Co.*, 231 Ga.

App. 596, 597 (1) (499 SE2d 693) (1998). In order to vacate an arbitration award, the

trial court must find that the rights of the subject party were prejudiced by

(1) Corruption, fraud, or misconduct in procuring the award;

(2) Partiality of an arbitrator appointed as a neutral;

---

[5] While Avesis apparently urges us to affirm the dismissal of Odion's request for an injunction on the basis that Odion failed to plead any facts supporting a breach of contract, Odion specifically alleges in his complaint that two of the defendants admitted to acting "erroneously" in conducting unannounced auditing.

(3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made;

(4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or

(5) The arbitrator's manifest disregard of the law.

OCGA § 9-9-13 (b).

(a) Citing corruption, fraud, and misconduct, Odion first argues that the final award is subject to vacatur because even though Avesis did not timely object to the locale being Atlanta, the AAA nevertheless determined that the locale for the arbitration would be Arizona. This argument is not meritorious.

In Odion's demand for arbitration, he requested that the locale be Atlanta. By letter dated September 4, 2014, the AAA acknowledged Odion's demand for arbitration and stated that if Avesis did not answer on or before September 18, 2014, the AAA would "assume that the claim is denied." Avesis responded on September 29, 2014, stating that it had received the AAA's letter on September 19, 2014. In its answer, Avesis stated that its corporate headquarters and corporate records and

11

documents are located in Phoenix, Arizona; that the parties' agreement contained a choice-of-law provision calling for the application of Arizona law; and that the parties' agreement also contained a provision through which the arbitrator would be charged with deciding the issues in accordance with Arizona law. Avesis therefore chose Arizona as its locale and requested that the AAA accept its objection as timely filed. The AAA subsequently informed the parties that its administrative review council had considered Avesis' objection on October 21, 2014, and that, based on the council's review standards and the AAA's authority to determine the locale of the hearing, the locale would be Arizona.

The parties' agreement explicitly provided that the arbitration "shall be" administered by the AAA in accordance with the Commercial Arbitration Rules. And Rule 11 provides that "disputes regarding the locale that are to be decided by the AAA must be submitted to the AAA and all other parties within 14 calendar days from the date of the AAA's initiation of the case *or the date established by the AAA*." (Emphasis supplied). Thus, it is clear that the AAA was authorized to establish its own date by which the parties were required to submit disputes regarding locale. In its initial letter to the parties, the AAA did not specify a date by which these objections were required to be filed; it stated only that if Avesis did not file an answer

12

by September 18, the AAA would interpret this to mean that Avesis was denying Odion's claims. Accordingly, Odion points to nothing showing that the AAA was procedurally barred from considering Avesis' objection to his requested locale, even though Avesis submitted its objection on September 29.[6] Therefore, the trial court had no basis to vacate the final award based on corruption, misconduct, or fraud.

(b) Second, there is no merit in Odion's contention that the arbitrator was partial because only Avesis and the AAA were involved in the selection of the arbitrator. It appears from the record that the parties were given a list of 10 arbitrator candidates, in accordance with Rule 12 (a) of the Commercial Arbitration Rules, and were afforded the opportunity to submit "strikes" and indicate their order of preference. The record does not show — and Odion does not claim — that Odion even responded to the submission of the list of potential arbitrators. Also, there is nothing before us, including the final award itself, evincing any connection between the arbitrator and Avesis or, as Odion suggests, that the arbitrator was prejudicially selected to rule in Avesis' favor. See *Gilbert v. Montlick*, 232 Ga. App. 91, 93 (2) (499 SE2d 731) (1998) ("Having examined the arbitration award, we conclude that

---

[6] Insofar as Odion also uses his arguments regarding locale to undergird his suggestion that the arbitrator was not impartial, this claim necessarily fails as well.

13

nothing on its face appears to be the result of . . . any partiality on the part of the arbitrator."). Thus, there was no reason for the trial court to vacate the final award on the basis of arbitrator partiality.

(c) Third, Odion argues that the arbitrator overstepped his authority by proceeding with the arbitration. Odion posits that the arbitrator should have allowed the trial court to resolve the issues of the locale of the arbitration and the selection of the arbitrator because he had filed a motion in the trial court regarding these issues. This argument is unpersuasive.

Under Rule 11 (a) of the Commercial Arbitration Rules, when the parties' agreement is silent with respect to locale, and the parties disagree as to the locale, the AAA may initially determine the place of arbitration, and the appointed arbitrator is authorized to make a "final determination" on the locale.[7] See also Commercial

---

[7] Usually, when parties refer to an arbitration agency's arbitration rules, and the place where the arbitration is to be held is not designated in the agreement, it is deemed the parties have left the designation of the locale to the agency administering the proceedings. Parties submit their arguments for and against a specific place of arbitration, taking into consideration the availability of witnesses and documents. The agency's determination of the place cannot

14

Arbitration Rule 24 ("The arbitrator shall set the date, time, and place for each hearing."). Here, the parties' agreement did not designate a locale for the arbitration proceeding, and Odion and Avesis disagreed as to locale. Thus, the AAA was authorized to make an initial determination that the locale would be Arizona. The record also shows that the AAA informed the parties that they could ask the arbitrator to further consider and rule on the issue of locale upon the arbitrator's appointment. There is no evidence in the record that Odion did so. Instead, Odion repeatedly elected not to participate in the telephonic arbitration hearings, and the designated locale remained Arizona. Additionally, Rule 3 of the Commercial Arbitration Rules, by which Odion and Avesis were also contractually bound, states that it is the duty of the *AAA* to appoint the arbitrator as provided in the rules. See also OCGA § 9-9-7

---

be challenged, since by agreement of the parties, the rules authorizing such determination are considered part of the arbitration agreement.

Martin Domke, Gabriel Wilner, Larry E. Edmonson, and Jay E. Grenig, Domke on Commercial Arbitration § 20:2, Westlaw (February 2020 Update). See, e.g., *Nespola v. Mgmt. Network Group, Inc.*, 101 AD3d 437, 438 (N.Y. 1st Dept. 2012) ("Where, as here, the parties have agreed to arbitrate their disputes and to be bound by respondent American Arbitration Association's (AAA) rules, judicial review of interim determinations regarding locale is generally unavailable.").

(a) ("If the arbitration agreement provides for a method of appointment of arbitrators, that method shall be followed."). The record does not show any failure on the AAA's part in this regard. Therefore, Odion has not demonstrated that the arbitrator overstepped his authority by continuing with the arbitration proceedings, despite his quarrel with the designated locale and the selection of the arbitrator.[8]

(d) Lastly, we reject Odion's argument that the trial court erred in declining to vacate the arbitrator's final award because the arbitrator manifestly disregarded the law. In Odion's view, the arbitrator erroneously determined that his claims were time-barred. But in order to show an arbitrator's manifest disregard of the law under OCGA § 9-9-13 (b) (5), the arbitrator's "disregard must be both evident and intentional. An arbitrat[or] that incorrectly interprets the law has not manifestly

---

[8] With no supporting citations to the record, Odion also argues that the arbitrator overstepped his authority by shortening the time to file dispositive motions in an order; claiming Odion waived arbitration when Odion was seeking interim relief in the trial court; and instructing Avesis not to respond to discovery requests. "'Overstepping' like the other grounds for vacating arbitration awards is very limited in scope. 'Overstepping' has been described as addressing issues not properly before the arbitrator." (Citation omitted.) *U.S. Intermodal & Thunderbolt Express v. Ga. Pacific Corp.*, 267 Ga. App. 832, 833 (600 SE2d 800) (2004). Odion plainly fails to show, through any of these arguments, that the arbitrator addressed issues that were not properly before him.

16

disregarded it. It has simply made a legal mistake. To manifestly disregard the law, one must be conscious of the law and deliberately ignore it." (Citation and punctuation omitted.) *ABCO Builders, Inc. v. Progressive Plumbing, Inc.*, 282 Ga. 308, 309 (647 SE2d 574) (2007).

> Therefore, to prove that a manifest disregard of the law has occurred, a party wishing to have an arbitration award vacated must provide evidence of record that, not only was the correct law communicated to an arbitrator, but that the arbitrator intentionally and knowingly chose to ignore that law despite the fact that it was correct.

Id. Because clear evidence of the arbitrator's purposeful intent is required, "there must be concrete evidence of this intent either in the findings of the arbitrator, if he or she chooses to make such findings, or in the transcript of the arbitration hearing, if the parties choose to have the hearing transcribed." Id. Naturally, "this showing is an extremely difficult one to make, especially in light of the fact that an arbitrator is not required to make findings of fact or state his or her rationale in reaching decisions." Id.

In his order, the arbitrator did not provide any rationale to support his conclusion that Odion's claims were time-barred. Additionally, there is no transcript of the arbitration hearings, or anything in the record "which would indicate the intent

17

of the arbitrat[or] in reaching the conclusion that [he] did. In the absence of any such evidence of a specific intent to disregard the appropriate law,"[9] the arbitrator's final award was not subject to vacatur on the basis of manifest disregard of the law. Because Odion has not satisfied any statutory grounds upon which the arbitrator's final award was subject to vacatur, the trial court properly denied his motion to vacate the award.

3. Next, we determine that the trial court properly denied Odion's request for an order permanently enjoining Avesis from "continuing their discriminatory practices" against him.

"This [C]ourt will not interfere with a trial court's decision to grant or refuse injunctive relief in the absence of a manifest abuse of discretion." (Citation omitted.) *Evans v. Knott*, 282 Ga. 584, 585 (652 SE2d 535) (2007).

In his complaint, Odion requested an order permanently enjoining Avesis from "continuing their discriminatory practices" against him. The trial court denied this request after reasoning that there had been no contact between the parties since their

---

[9] *ABCO Builders, Inc.*, supra, 282 Ga. at 310.

contract was terminated. This decision was not at all a manifest abuse of discretion.[10]

As the Supreme Court of Georgia has long held, "[e]quity will not enjoin the doing of that which has already been done." (Citations omitted.) *Reeves v. Du Val*, 214 Ga. 613, 631 (2) (106 SE2d 797) (1959). Insofar as Odion identifies alleged discriminatory practices against him in his complaint, he points to *past* actions in which Avesis supposedly engaged, and he has not alleged or otherwise demonstrated that any future discriminatory practices are likely to occur. Thus, the trial court committed no abuse of discretion in denying Odion's request for an order permanently enjoining Avesis from "continuing their discriminatory practices" against him.

4. In his last enumeration of error, Odion argues that the trial court erred by granting Avesis' prayer for attorney fees under OCGA §§ 9-15-14 (a) and (b). This argument fails because the trial court did not grant such a request.

In its order, the trial court stated, "[t]he [c]ourt notes Defendants included a prayer for attorneys' fees in their pleadings and instructs counsel to submit a Rule

___

[10] Pretermitting whether the trial court's mootness ruling discussed in Division 1 applies here, we must consider the trial court's separate bases for denying Odion's request for an order enjoining Avesis from "continuing their discriminatory practices" against him.

19

Nisi if they intend to proceed with their request." The trial court clearly did not rule on whether Avesis is entitled to attorney fees under OCGA § 9-15-14, and we therefore do not address this question. *Perimeter Realty v. GAPI, Inc.*, 243 Ga. App. 584, 597 (12) (533 SE2d 136) (2000) ("Regarding punitive damages, the trial court did not rule on that issue. This court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it.") (citation omitted).

In sum, we affirm the trial court's denial of Odion's motion to vacate the arbitrator's final award as well as the trial court's denial of his request for an order permanently enjoining Avesis from "continuing their discriminatory practices" against him. We reverse the trial court's grant of Avesis' motion for judgment on the pleadings insofar as it ruled that Odion's substantive claims were time-barred and that any request for equitable relief as a result of Odion's substantive claims was moot.[11]

*Judgment affirmed in part and reversed in part. Mercier and Markle, JJ., concur.*

---

[11] As the Court directed in *Odion I*, Odion's equitable claims for relief remained pending following remand from that decision. We again note, however, that the arbitrator dismissed Odion's substantive claims. Thus, while we are partially reversing the trial court's grant of Avesis' motion for judgment on the pleadings, if the arbitrator's final award is confirmed, this may affect the viability of Odion's request for an injunction, which flows from the substantive claims.